848 F.2d 39
 Donald KELSEY, David Kelsey, and Kathy Kelsey, individually,
Plaintiffs- Appellants-Cross-Appellees,
v.
MUSKIN INCORPORATED, a Corporation, Muskin Corporation, a
Corporation, U.S. Leisure, Incorporated, a Corporation,
Amcord Incorporated, a Corporation; American Cement
Company, a Corporation; Certain Officers and Directors of
Muskin, individually; CBS Urban Renewal Corporation, a
Corporation; Ideal Toy Corporation, a Corporation;
Sterling Union Corporation, a Corporation; U.S. Fiber &
Plastics Company, a Corporation; Certain Officers and
Directors of the CBS Urban Renewal Corporation,
individually; National Spa and Pool Institute, a
Corporation; William Leroy Johnson d/b/a Johnson Pool
Company, individually; Imperial Pools, a Corporation; Sam
Hart, individually; Coleco Industries, Inc., a Corporation;
Doughboy Recreational, a Corporation; Esther
Williams/Johnny Weismuller Pools, a Corporation; Bilnor
Pools, a Corporation; and Does 1-20, Inclusive, Defendants-Appellees,
Donald Hart (incorrectly sued as "Sam Hart"), individually,
and Doughboy Recreational, a Corporation,
Defendants-Cross-Appellants.
 Nos. 873, 874 and 875, Dockets 87-7956, 87-7968 and 87-7996.
 United States Court of Appeals,
Second Circuit.
 Argued March 28, 1988.
Decided May 31, 1988.
 
 Goggin, Cutler & Hull, Chicago, Ill. (Edwin J. Hull III, Steven D. Pearson, Chicago, Ill., David M. Lascell, Nixon, Hargrave, Devans & Doyle, Rochester, N.Y., of counsel), for plaintiffs-appellants-cross-appellees.
 Chamberlain, D'Amanda, Oppenheimer & Greenfield, Rochester, N.Y. (Thomas G. Collins, Rochester, N.Y., of counsel), for defendant-appellee-cross-appellant Doughboy Recreational.
 Damon & Morey, Buffalo, N.Y. (Anthony J. Colucci III, Buffalo, N.Y., of counsel), for defendant-appellee Nat. Spa and Pool Institute.
 Hiscock & Barclay, Syracuse, N.Y. (Robert A. Barrer, Syracuse, N.Y., of counsel), for defendants-appellees Sterling Union Corp. and U.S. Fiber & Plastics Co.
 James J. Kaufman, P.C., Newark, N.Y., for defendants-appellees Muskin, Inc., U.S. Leisure, Inc., and Muskin Officers and Directors.
 Sugarman, Wallace, Manheim & Schoenwald, Syracuse, N.Y. (Donald L. Schoenwald, Syracuse, N.Y., of counsel), for defendant-appellee Coleco Industries, Inc.
 Levene, Gouldin & Thompson, Binghamton, N.Y. (Elizabeth K. Joggerst, Binghamton, N.Y., of counsel), for defendants-appellees Muskin Corp., Amcord, Inc., and American Cement Co.
 Amdursky, Duell & Love, Syracuse, N.Y. (Robert L. Duell, Syracuse, N.Y., of counsel), for defendant-appellee William Leroy Johnson d/b/a Johnson Pool Co.
 Kernan & Kernan, P.C., Utica, N.Y. (Merritt E. Vaughan, Utica, N.Y., of counsel), for defendant-appellee-cross-appellant Donald Hart.
 Before FEINBERG, Chief Judge, and KEARSE and FRIEDMAN*, Circuit Judges.
 KEARSE, Circuit Judge:
 
 
 1
 Plaintiffs Donald Kelsey and his parents, David Kelsey and Kathy Kelsey, appeal from a final judgment of the United States District Court for the Northern District of New York, Thomas J. McAvoy, Judge, dismissing their complaint under the Consumer Product Safety Act ("CPSA" or the "Act"), 15 U.S.C. Sec. 2051 et seq. (1982), and state law, seeking damages for injuries suffered by Donald Kelsey ("Kelsey") upon his dive into an above-ground swimming pool. The defendants are the National Spa and Pool Institute, a trade association; 15 manufacturers and suppliers of above-ground swimming pools, together with certain unnamed officers and directors of the corporate defendants (the trade association, manufacturers, suppliers, and their officials collectively referred to as the "industry defendants"); and Donald Hart ("Hart"), owner of the pool in which Kelsey was injured. The district court granted the industry defendants' motion for summary judgment dismissing the complaint against them on the ground that Kelsey's own conduct was, as a matter of law, the superseding cause of his injuries. The court dismissed the complaint against Hart for lack of subject matter jurisdiction. On appeal, plaintiffs contend principally that the court erred in granting summary judgment rather than allowing the case to proceed to trial. Defendant Doughboy Recreational ("Doughboy") cross-appeals, urging that the CPSA does not provide a private right of action and that the court should thus have dismissed the action against it for lack of subject matter jurisdiction. Hart cross-appeals, urging that the court should have granted him judgment on the merits instead of dismissing for lack of subject matter jurisdiction. For the reasons below, we affirm the judgment of the district court.
 
 I. BACKGROUND
 A. The Events
 
 2
 The following facts do not appear to be in dispute. At about 2 p.m. on June 23, 1984, Kelsey, then 21 years old, went to the Hart home with two friends, remaining there until his friend Richard Hart ("Richard"), Donald Hart's son, returned from work. At about 5 p.m., all four went to a bluegrass concert, returning after 7 p.m., whereupon Kelsey and Richard went swimming in the Harts' above-ground pool. Kelsey was a good swimmer and diver and used to do swan dives off a bridge into the Oswego River, a distance of about eight feet.
 
 
 3
 The pool, at the rear of the Hart house, was about four feet deep and was surrounded by a wooden deck about one-and-one-half feet wide; the pool deck was surrounded by a chain link fence about two-and-one-half feet high. The rear of the Hart house had a deck that was surrounded by a railing. The pool was laterally about five feet from the house deck; it was about eight feet below the level of the railing surrounding the house deck.
 
 
 4
 Between 1:30 and 7:30 p.m. on June 23, 1984, Kelsey had consumed at least 5 beers; his blood alcohol level was later shown to be .2%. He was described by one of his companions as being "rowdy" but not intoxicated. Before the accident, he and Richard had been in the pool for some 15 minutes, having jumped in feet-first from the railing of the house deck, a jump of some eight feet. Then Kelsey dived into the pool head-first from the railing of the house deck, his arms at his sides. He struck his head on the bottom of the pool, suffering injuries that have left him a quadriplegic.
 
 
 5
 Plaintiffs brought the present action in the district court against Hart and the industry defendants for failure to provide adequate warnings that head-first diving into the pool could result in serious injury. They contended that the industry defendants' failure to warn violated the reporting requirements of the CPSA, 15 U.S.C. Sec. 2064(b), and reporting rules of the Consumer Product Safety Commission ("Commission" or "CPSC"), 16 C.F.R. Secs. 1115.12(c) and (e) (1987). Plaintiffs also contended that all defendants were liable under state-law principles of negligence and strict liability. Subject matter jurisdiction was premised on the alleged violations of the CPSA and CPSC rules.
 
 B. The Dismissals
 
 6
 After a period of discovery, the industry defendants moved for summary judgment dismissing the complaint on the ground that, as a matter of law, Kelsey's own conduct was the sole proximate cause of his injuries. In addition, Doughboy sought dismissal on the ground that the CPSA does not provide a private right of action for violation of the CPSC reporting rules invoked by plaintiffs, and hence the court lacked subject matter jurisdiction over the controversy.
 
 
 7
 The district court ruled that the CPSA provides a private right of action for violation of the reporting rules, and it thus denied the motion to dismiss for lack of jurisdiction. It granted the motion to dismiss for lack of proximate cause, however, on the ground that, based on his prior experience, Kelsey either was or should have been aware of the dangers of diving head-first into the pool from the house deck, and that, under New York products liability law, "a plaintiff who dives into a swimming pool, with actual or constructive knowledge that the depth of the water will not permit such action safely, has disregarded an obvious or known danger and, as a result, will be considered the sole proximate cause of his or her injuries." Memorandum Decision and Order dated June 25, 1987, at 13.
 
 
 8
 Thereafter, Hart moved for dismissal of the claims against him on the merits on the ground that the court's ruling on proximate cause was equally applicable to him. Alternatively, he sought dismissal for lack of jurisdiction on the ground that, since there was no diversity between plaintiffs and Hart, the dismissal of the claims against the industry defendants eliminated the CPSA claim and hence left no federal question to which jurisdiction over Hart could be pendent. The court dismissed the claims against Hart for lack of subject matter jurisdiction.
 
 II. DISCUSSION
 
 9
 On appeal, plaintiffs contend principally that the district court erred (1) in applying state-law principles of proximate cause to the industry defendants' failure to make disclosures required by the CPSA and the Commission rules, and (2) in making credibility determinations on motions for summary judgment. Doughboy has cross-appealed, arguing that the court should have dismissed the action for lack of subject matter jurisdiction on the ground that the CPSA does not provide a private right of action for violation of the Commission's disclosure rules invoked here. Hart has cross-appealed, seeking judgment on the merits rather than a dismissal for lack of jurisdiction.
 
 
 10
 As to the industry defendants, we conclude that we need not reach the question of whether or not the CPSA provides a private right of action for violation of the CPSC reporting rules, since we conclude that the district court properly found that there was no genuine issue as to the fact that Kelsey's own conduct was the proximate cause of his injuries. As to Hart, we conclude that the claims against him were properly dismissed for lack of subject matter jurisdiction.
 
 A. The Industry Defendants
 
 11
 The CPSA provides a private right of action to any person injured "by reason of any knowing (including willful) violation of a consumer product safety rule, or any other rule or order issued by the Commission." 15 U.S.C. Sec. 2072(a). Consumer product safety rules are defined in the Act as rules that set safety standards or that ban products as hazardous. Id. Sec. 2052(a)(2). The complaint in the present case alleges that the industry defendants violated Commission rules that required them to report to the CPSC that head-first dives into their pools had caused serious bodily injury, see 16 C.F.R. Secs. 1115.12(c) and (e). Whether the CPSA grants a private right of action under the Commission's reporting rules is a difficult question.
 
 
 12
 In Drake v. Honeywell, Inc., 797 F.2d 603 (8th Cir.1986), the Eighth Circuit noted that the basic duty to report is imposed by the statute itself. The court concluded that since Congress provided a private right of action only for violation of Commission rules rather than for violation of the Act itself, and since the rules set forth in Sec. 1115 merely specify the terms and conditions under which reports are to be made, no private right of action should be inferred under these rules. Accord Zepik v. Ceeco Pool & Supply, Inc., 118 F.R.D. 455, 459 (N.D.Ind.1987). On the other hand, in Young v. Robertshaw Controls Co., 560 F.Supp. 288 (N.D.N.Y.1983), relied on by the district court in the present case, then-District Judge Miner ruled that though the rules set forth in Sec. 1115 "reiterate" the statutory duty to disclose, the reference in Sec. 2072(a) to "any other rule" authorizes a private action under Sec. 1115. Accord Wilson v. Robertshaw Controls Co., 600 F.Supp. 671, 675 (N.D.Ind.1985); Butcher v. Robertshaw Controls Co., 550 F.Supp. 692, 698-99 (D.Md.1981). Thus, the statutory interpretation question has divided the courts that have considered it.
 
 
 13
 In addition, even if a private right of action exists under these rules, there is some question whether these plaintiffs have stated a claim under them since the pool in which the accident occurred was sold in 1969, three years prior to the enactment of the CPSA and five years prior to adoption of reporting rules.
 
 
 14
 We need not, however, decide these issues, for even if they were resolved in favor of plaintiffs, we would be required to uphold the dismissal of the complaint. An injured person may not recover under the Act unless his injury occurred "by reason of" a rule violation. 15 U.S.C. Sec. 2072(a). Where the alleged violation is a failure to disclose, the "by reason of" requirement means that there must be a causal connection between the injury and the nondisclosure. In light of the undisputed facts, we agree with the district court's conclusion that plaintiffs cannot establish that Kelsey's injury occurred "by reason of" any failure to disclose. See Caraballo v. United States, 830 F.2d 19, 22-23 (2d Cir.1987).
 
 
 15
 In Caraballo, the plaintiff, in a federally run recreational area, dived head first into three feet of water and suffered permanent quadriplegic paralysis. Alleging a negligent failure to post warnings of the dangers of diving, he sued the United States under the Federal Tort Claims Act, 28 U.S.C. Sec. 2671 et seq. (1982), which provided that the United States would be liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. Sec. 2674. The district court, following a bench trial, awarded damages to the plaintiff. This Court, however, noting that, "[w]here the actual cause of the injury is undisputed, the question of whether the defendant's negligence was the proximate cause of plaintiff's injury is a question of law for the court," 830 F.2d at 22, reversed. We concluded that since the injured person was an adult experienced in swimming, was knowledgeable about the general dangers of diving, and was familiar with the level of the water into which he dived, his own error of judgment was an unforeseeable superseding cause that absolved the defendant of liability. In short, the injury was not caused by the failure to post signs.
 
 
 16
 Similarly, in the present case, it cannot be said that the industry defendants' failure to report to the CPSC information as to past serious accidents involving head-first dives into above-ground pools caused Kelsey's accident. Kelsey had just been in the pool; he plainly knew it was only four feet deep. The danger of a head-first dive into such a pool from the deck of a house some eight feet higher should have been obvious to a person of his age and diving experience. A report that it was dangerous to perform such a dive would thus have disclosed only what Kelsey already knew or should have known. We agree with the district court's conclusion that the failure to report thus cannot be viewed as a cause of Kelsey's injuries.
 
 
 17
 Accordingly, the claims against the industry defendants were properly dismissed.
 
 B. The Dismissal of the Claims Against Hart
 
 18
 We find no merit in plaintiffs' appeal from the jurisdictional dismissal of their claims against Hart or in Hart's cross-appeal seeking a dismissal on the merits. The dismissal of the CPSA claims left pending only state-law claims against Hart. Since Hart and the plaintiffs were residents of New York, there was no diversity. Because the court no longer had before it any claims of which it had statutory jurisdiction, it was appropriate for it to decline to take pendent jurisdiction of the claims against Hart. See United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).
 
 CONCLUSION
 
 19
 The judgment of the district court dismissing the complaint is affirmed.
 
 
 
 *
 Daniel M. Friedman, Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation