Jere A. CROUSE and Sharon A. Crouse, Plaintiffs,

v.

KAWASAKI HEAVY INDUSTRIES LTD., Kawasaki Motors Corp., USA and Kawasaki Motors Manufacturing Corp., USA, Defendants.

No. 88–CV–291.

United States District Court, N.D. New York.

Aug. 2, 1989.

Setright & Ciabotti, Syracuse, N.Y., for plaintiffs; Victor J. Ciabotti, of counsel.

Hiscock & Barclay, Syracuse, N.Y., for defendants; Taylor H. Obold, of counsel.

## MEMORANDUM–DECISION AND ORDER

McCURN, Chief Judge.

On June 27, 1989, this Court heard the motion by defendants, Kawasaki Heavy Industries Ltd., Kawasaki Motors Corp. USA, and Kawasaki Manufacturing Corp., USA ("Kawasaki") for partial judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(6), and 12(c). After carefully considering the respective memorandums of law and oral arguments, this Court granted Kawasaki's motion for partial judgment on the pleadings, and indicated that this memorandum decision would be forthcoming.

### I.

On August 21, 1985, plaintiff Jere Crouse, a New York citizen, was operating his 1980 Kawasaki motorcycle on a Madison County highway when his kickstand allegedly fell to a down position. The kickstand supposedly struck the road, catapulting Mr. Crouse from the motorcycle. The motorcycle landed on top of Mr. Crouse, causing extensive injuries and ultimately rendering him a quadriplegic.

Plaintiffs, Mr. Crouse and his wife, brought this action against Kawasaki, for faulty design, manufacture, sale, and distribution of the motorcycle. Plaintiffs set forth four separate causes of action, but only one is relevant to this motion; that is the fourth cause of action, based upon Kawasaki's alleged violation of the notification requirement of the Consumer Product Safety Act ("the Act"), 15 U.S.C. § 2051 *et seq.* (West 1982).

Briefly, the Act imposes a duty on every manufacturer, distributor, and retailer to report information concerning "substantially hazardous products" to the Consumer Products Safety Commission ("the Commission"). 15 U.S.C. § 2064(b) (West 1982).

The Act authorizes the Commission to, *inter alia,* order the responsible party to post public notice or mail information to affected persons regarding the defect. 15 U.S.C. § 2064(c) (West 1982). The Commission may further order the appropriate party to 1) bring such product(s) into conformity with the requirements of the applicable consumer product safety rule, 2) replace such product(s) with an equivalent product which meets safety standards, or 3) refund the purchase price of such product. 15 U.S.C. § 2064(d) (West 1982).

Plaintiffs allege that Kawasaki knew about the defective kickstands but failed to comply with the Act's notification requirement, and that that failure may very well have caused the accident and resulting injuries. Had Kawasaki properly followed the notification requirement, the Commission in turn would presumably have ordered recall of the defective motorcycles, or at least given notification of the defect to concerned persons such as Mr. Crouse. Kawasaki moves for partial judgment on the pleadings, arguing that no private remedy exists for an alleged violation of the Act's statutory notification requirement.

### II.

Authority is sharply divided on the issue of whether a private cause of action exists for a violation of the Act's statutory notification provision. The Circuit Courts which have specifically addressed the issue have held that no private cause of action exists. *See, e.g., Benitez–Allende v. Alcan Aluminio Do Brasil,* 857 F.2d 26 (1st Cir. 1988); *Zepik v. Tidewater Midwest, Inc.,* 856 F.2d 936 (7th Cir.1988); *Drake v. Honeywell, Inc.,* 797 F.2d 603 (8th Cir. 1986). On the other hand, district courts within the Second Circuit, including the Northern District of New York, have recognized a private cause of action for a party's alleged failure to notify the Commission of substantial product hazards. *See Kelsey v. Muskin, Inc.,* 848 F.2d 39 (2d Cir.1988) (although the district court recognized a private cause of action, the Second Circuit reversed on other grounds); *Young v. Robertshaw Controls Co.,* 560 F.Supp. 288 (N.D.N.Y.1983); *accord Wilson v. Robertshaw Controls Co.,* 600 F.Supp. 671

(N.D.Ind.1985). Consideration of § 2072(a) and the case law interpreting that statute compels this court to adopt the well-reasoned Eighth Circuit analysis in *Drake*, holding that no private cause of action exists for an alleged failure to notify.

### III.

The *Drake* Court examined rules of statutory construction, legislative history and intent, and principles of administrative law to conclude that no private cause of action exists under § 2072(a) of the Act for violations of the product hazard reporting rules promulgated by the Commission. This court finds three aspects of the *Drake* decision to be particularly persuasive.

█ First, this court finds compelling, and adopts the *Drake* Court's analysis of the Act's private remedy provision. That provision states, in pertinent part:

Any person who shall sustain injury by reason of any knowing (including willful) violation of a consumer product rule, or other rule or order issued by the Commission may sue any person who knowingly (including willfully) violated any such rule or order in [the appropriate] district court of the United States ...

15 U.S.C. § 2072(a) (West 1982). In summary, the Act limits private causes of action to those circumstances in which a "consumer product rule, or other rule or order issued by the Commission" has been violated. A "consumer product rule" is defined as a consumer products safety standard issued by the Commission. 15 U.S.C. §§ 2052(a)(2), 2056(a) (West 1982). Therefore, private causes of action exist only when a rule or order issued *by the commission* has been violated. *Drake*, 797 F.2d at 606. Significantly, § 2072 does *not* provide a private remedy for violations of the Act itself. *Id.*

As the *Drake* Court recognized, the statutory notification requirements at issue in *Drake* and in the present case were enacted by Congress; those requirements are *not* rules or orders issued by the Commission. *Id.* at 607. Indeed, the Commission itself notes that it did not promulgate the duty to notify, and that the duty arises from the Act as enacted by Congress. 16 C.F.R. §§ 1115.1 (Commission's purpose is merely to interpret the provisions already set forth in the Act). *See also* 16 C.F.R. § 1115.2(b) (Commission's interpretation of the notice requirements) (1988).

Kawasaki, relying upon 16 C.F.R. §§ 1115.3–1115.14, properly notes, "[t]he Commission did not purport to create any different or additional duty to notify. It merely defined the time, place, and manner of notification in the event that the Act requires it." Defendant's Memorandum of Law, at 4–5. Since the notification requirement is not, by definition, a rule or order issued by the Commission, a violation thereof is not subject to a private cause of action under § 2072(a).

This court is also persuaded by the *Drake* Court's analysis of legislative intent. As a general rule, Congress will explicitly create a private cause of action applicable to the violation of a particular statute. *Drake*, 797 F.2d at 606 (observing that the Consumer Credit Protection Act, 15 U.S.C. §§ 1601–93r, specifically provides for a private cause of action against any creditor who fails to comply with the provisions of that Act). Conspicuously absent from the present Act, however, is any such private action provision. "From this obvious and unambiguous omission, we must conclude that Congress intentionally withheld from private persons the right to seek damages based on an injury resulting from a violation of the statute." *Drake*, 797 F.2d at 606.

█ Finally, this Court finds convincing the *Drake* Court's analysis of general principles of administrative law as dictating against permitting a private remedy in failure to notify cases. *Id.* at 607. Legislative authority is vested in the Congress. Commissions and agencies are constitutionally barred from promulgating substantive rules without proper Congressional delegation. In the absence of Congressional authority to enact substantive rules, the Commission is limited to issuing interpretive rules and orders. *Id.*

No Congressional delegation for the enactment of a substantive notification rule is present in the Act. "[I]t is evident from the face of the Act that Congress did not delegate to the Commission legislative au-

thority under section 15(b) [15 U.S.C. § 2064(b)]." *Id.* The Commission therefore was not even empowered to issue such a notification rule here. Since the notification requirements were not issued by the Commission, violations thereof are not subject to private causes of action. *Id.*

## IV.

Plaintiffs attempt to distinguish the cases relied upon by Kawasaki, by noting that most of those cases involved alleged defective swimming pools. Plaintiffs' Memorandum of Law at 3. Admittedly the fact patterns vary, but in this court's opinion, those factual distinctions do not render inapplicable the analysis of Circuit Courts such as the *Drake* Court.

For the reasons set forth herein, Kawasaki's motion for partial judgment on the pleadings is hereby granted.[1]

IT IS SO ORDERED.

---

1. Each defendant is incorporated in either Japan or Delaware, with principal places of business outside of New York State. Since there exists complete diversity of citizenship, even in the absence of a federal question, this court may retain jurisdiction of the remaining three claims based upon state law.