[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT LIBBY SALES AND SERVICE MOTION TO STRIKE
Plaintiff, Joseph Wenzel, brought this three count CT Page 2451 complaint against the seller, Libby Sales Service, Inc. (Libby) and the manufacturer, Yamaha Motor Corp. (Yamaha) alleging injuries and damages arising out of an accident involving an all-terrain vehicle (A.T.V.).
The first and second counts allege causes of action pursuant to the Connecticut Products Liability Act, Connecticut General Statutes 52-572m-r against Libby and Yamaha respectively.
The third count which is directed against both defendants, alleges that the A.T.V. at issue contained defects, was defective and created a substantial product hazard as defined by the Consumer Product Safety Act (hereinafter C.P.S.A.), 15 U.S.C. § 2064
(a) and 16 C.F.R. Part 1115 so as to require defendants to inform the Consumer Product Safety Commission (hereinafter Commission) of such defects. The plaintiff alleges that as a result of defendants' failure to comply with the C.P.S.A. and 16 C.F.R. § 1115, he suffered damages. Plaintiff further alleges that as a result of defendant's intentional and willful (1) failure to comply with the provisions of the statute and (2) withholding of relevant information, the defendants, inter alia, disregarded plaintiff's right to be free from bodily harm. Plaintiff claims costs and attorney's fees pursuant to 15 U.S.C. § 2072 (a).
Before the court is the defendant Libby's motion to strike the third count.
The defendant has raised two grounds in support of its motion to strike: (1) that the alleged violations of 16 C.F.R. § 1115 do not state a private cause of action pursuant to 15 U.S.C. § 2072
and (2) that plaintiff has failed to allege causation sufficiently to state a claim pursuant to 15 U.S.C. § 2072.
The motion to strike tests the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142 (1989); Connecticut Practice Book 152. The motion admits all facts well pleaded as well as those necessarily implied from the allegations of the complaint. See Id.; Amodio v. Cunningham, 182 Conn. 80,83 (1980). A court ruling on a motion to strike is limited to the facts alleged in the pleading being challenged. Rowe v. Godou, 209 Conn. 273, 278 (1988). The motion is not tested by new facts alleged by the movant which are extraneous to the pleading attacked. Doyle v. A P Realty, 36 Conn. Sup. 126, 127 (1980). It is of no moment that plaintiff may be unable to prove his allegations at trial or that defendant might prove facts that bar plaintiff's claim. Id. The sole inquiry at this state of the pleadings is whether the plaintiff's allegations if proven would state a cause of action. Id. CT Page 2452
In a ruling on a motion to strike, the court is limited to considering the grounds specified in the motion to strike. Merideth v. Police Commissioners, 182 Conn. 138, 140 (1980).
The C.P.S.A. provides a private right of action to any person injured "by reason of any knowing (including willful) violation of a consumer product safety rule or any other rule or order issued by the Commission." 15 U.S.C. § 2072 (a).
The Act imposes a duty on every manufacturer, distributor and retailer to report information concerning "substantially hazardous products" to the Consumer Products Safety Commission.15 U.S.C. § 2064 (b) (1982).
Part 1115 et seq. of the Commission's regulations,16 C.F.R. Part 1115 (1988) sets forth the Commission's interpretation of the Acts reporting requirements. See Zepik v. Tidewater Midwest, Inc., 856 F.2d 936, 939 (7th Cir. 1988).
The defendant first argues that a violation of Part 1115 does not trigger the private right of action provisions of15 U.S.C. § 2072 because Part 1115 is not a substantive rule of the Commission; it is merely an interpretive rule. The defendant further argues that 2072 does not provide a right of action for a violation of the statute itself but rather only for a violation of Commission rules promulgated thereunder. Defendant concludes that because Part 1115 is only an interpretation of what the statute itself provides, a private right of action does not exist for violations of 16 C.F.R. Part 1115.
Plaintiff in opposition, argues that the words "or any other rule" contained in 15 U.S.C. § 2072 encompass interpretive rules and therefore a private cause of action exists.
The Federal courts are divided on the issue of whether violations of 16 C.F.R. Part 1115 trigger the private right of action provisions of 15 U.S.C. § 2072. Compare Benitez-Allende v. Alcan Alumino Do Brasil, S.A., 857 F.2d 26, 34-35 (1st Cir. 1988) (no private right of action); Drake v. Honeywell, Inc., 797 F.2d 603
(8th Cir. 1986), (no private cause of action); Crouse v. Kawasaki Heavy Inclus. Ltd., 716 F. Sup. 723 (N.D.N.Y. 1989) (adopting rationale of Drake) and Brown v. Daisy Mfg. Co.,724 F. Sup. 44 (N.D.N.Y. 1989) (right of action exists); accord Wilson v. Robertshaw Controls Co., 600 F. Sup. 671, 675 (N.D. Incl. 1985); Butcher v. Robertshaw Controls Co., 550 F. Sup. 692, 698-99 (D. Md. 1981). The Second Circuit Court of Appeals in Kelsey v. Muskin, 848 F.2d 39 (1988) did not reach the issue of whether violations of 16 C.F.R. Part 1115 trigger a private cause of action. The court instead affirmed the trial court's granting of the defendant's motion for summary judgment on the count based CT Page 2453 upon C.P.S.A. due to lack of a showing of proximate causation. Id. at 42. In Zepik v. Tidewater Midwest, Inc., 856 F.2d 936 (7th Cir. 1988), the court noted that "it need not decide" whether Drake's rationale is alone sufficient to defeat a private cause of action, the court affirmed summary judgment entered below in favor of defendant on grounds that the causal connection between reporting violations and injury was too attenuated. Id. at 942.
In Drake, the Eight Circuit noted that the basic duty to report is imposed by the statute itself. Drake v. Honeywell, supra, 606. The court concluded that since Congress provided a private right of action only for violations of Commission rules rather than for violations of the Act itself and since the rules set forth in 1115 merely specify the terms and conditions under which reports are to be made, no private cause of action should be inferred under these rules. Id.
The court in Yong v. Robertshaw, 560 F. Sup. 288
(N.D.N.Y. 1983) held that although the rules reiterate the statutory duty to disclose, the reference to "any other rule" authorizes a private right of action under 1115. The court in Brown v. Daisy Mfg. Co., held that Commission rules whether legislative or interpretative are patently within the plain meaning of the word "rule" and hence a private cause of action does exist for violations of 16 C.F.R. § 1115. Brown v. Daisy Mfg. Co., supra, 47.
Where resolution of a question of federal law turns on a statute and the intention of Congress, the court looks first to statutory language and then to legislative history if the statutory language is unclear. Blum v. Stenson, 465 U.S. 886,896 (1984). Though a legislative history can be a legitimate guide to statutory purpose obscured by ambiguity, the language of the statute itself must ordinarily be regarded as conclusive absent any clearly expressed legislative intention to the contrary. See Burlington Northern R. Co. v. Oklahoma Tax Com'n.,481 U.S. 454, 461 (1987). Unless exceptional circumstances dictate otherwise, "[w]hen we find the terms of a statute unambiguous, judicial inquiry is complete." Id.
This court is of the opinion that 16 C.F.R. § 1115 is a Commission "rule" within the plain meaning of "any other rule" as provided in 15 U.S.C. § 2072. Therefore the defendant's motion to strike the third count on the ground that allegations of violations of 16 C.F.R. § 1115 do not state a cause of action pursuant to 15 U.S.C. § 2072, is denied.
Defendant next raises the legal sufficiency of plaintiff's factual allegations as to causation. Defendant asserts that15 U.S.C. § 2072 requires that a plaintiff's injury be "by reason of" CT Page 2454 violation of a rule or order of the Commission. Defendant argues that plaintiff's allegation that his injuries were "as a result of" the defendant's alleged noncompliance is insufficient. Defendant asserts that plaintiff must plead the following to sufficiently allege causation:
 (1) by failing to report information that `reasonably support[ed] the conclusion that' a product was defective the defendant deprived the Commission of information not already known to it; (2) if the information had been reported, the Commission would have determined that a defect existed and undertaken to counteract the defect; (3) the Commission's response would have been implemented in time to avert the injury to the plaintiff (and would have survived judicial and congressional scrutiny during the period between the Commission's response and the injury); and (4) the Commission's response would have been effective in preventing the accident in question.
Plaintiff in opposition argues that the defendant's attack goes to the sufficiency of plaintiff's evidence and such challenge is only appropriate after trial and not grounds for a motion to strike. Plaintiff also argues, inter alia, that the Connecticut Practice Book only requires a plain and concise statement of the material facts on which the pleader relies but not of the evidence by which they are to be proven.
An injured person may not recover under the Consumer Products Safety Act unless his injury has occurred "by reason of" a Commission rule violation. 15 U.S.C. § 2072 (a). Kelsey v. Muskin, Inc., 848 F.2d 39, 42 (2d Cir. 1988). "Where the alleged violation is a failure to disclose, the `by reason of' requirement means that there must be a causal connection between the injury and the non-disclosure." Id. The court in Zepik stated:
 The CPSA does not elaborate on the meaning of "by reason of" but in the absence of any indication that Congress intended to depart from conventional notions of causation we think the causal connection required should be roughly equivalent to the causal connection required to establish common law tort liability.
Zepik v. Tidewater Midwest, Inc., 856 F.2d at 942. CT Page 2455
The words "by reason of" contained in 15 U.S.C. § 2072
establish proximate causation as an element to a cause of action thereunder.
Because the motion to strike admits those facts which are necessarily implied from the allegations of the complaint, the plaintiff's allegations that his injuries were "as a result" of defendant's reporting violations sufficiently allege causation under 15 U.S.C. § 2072 (a).
The motion to strike the third count based on the second ground asserted by the defendant is denied.
Accordingly, the motion to strike is denied.
WILLIAM L. HADDEN, JR., JUDGE