**Robert BIVONA, Plaintiff,**

v.

**Victor TROLLIO, Jr., and Victor Trollio, Sr., Defendants.**

**No. CV 90–0581.**

United States District Court, E.D. New York.

March 8, 1991.

Fuchsberg & Fuchsberg by John E. Durst, Jr., Farmingdale, N.Y., for plaintiff.

Marshall, Conway & Wright, P.C. by Robert J. Conway, New York City, for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In the above-referenced action, Robert Bivona ("plaintiff"), seeks damages for an eye injury under the Consumer Product Safety Act ("CPSA"), 15 U.S.C. § 2051 *et seq.* Named as defendants are Victor Trollio, Jr. and his natural guardian, Victor Trollio, Sr. Subject matter jurisdiction is premised on a federal question pursuant to 28 U.S.C. § 1331. In papers dated June 12, 1990 to this Court, counsel for both parties stipulated to withdraw this action. Currently before the Court are plaintiff's motion to vacate that stipulation, as well as defendants' motion for summary judgment, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure. For the reasons stated below, this Court finds that there is a lack of subject matter jurisdiction and therefore the action must be dismissed.

It is to be noted that although defendants move for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, the Court, for the reasons stated below, deems it appropriate to dismiss the action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff and defendant are both New York residents. The facts which lead up to the present controversy may be summarized as follows. On June 21, 1989, plaintiff was struck in the right eye by a bottle rocket fired off by one of the defendants.

Plaintiff claims that his right eye was seriously injured, and as a result his vision has been impaired. In a proceeding before the New York State County Court of Suffolk County, defendant pleaded guilty to a charge of assault in the third degree for recklessly lighting a firework.

Plaintiff retained John E. Durst, Jr., managing attorney for the Long Island Personal Injury Unit of Jacoby & Meyers, and instituted the present action to recover damages for his injury. As noted above, plaintiff premised subject matter jurisdiction on the Consumer Product Safety Act, *see* 15 U.S.C. § 2072(a), alleging that the CPSA specifically prohibits the use of bottle rockets. On June 12, 1990, Jacoby & Meyers and defendants' counsel stipulated to withdraw the action from federal court and renew the case in state court.

Plaintiff now moves to vacate that stipulation on the ground that it was invalid. Specifically, plaintiff claims that Jacoby & Meyers was not authorized to agree to the June 12, 1990 stipulation due to the fact that as of April 26, 1990, plaintiff had substituted Fuchsberg & Fuchsberg as counsel.

Defendant asserts that the stipulation was valid, and in the alternative moves, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, for summary judgment on the ground that the Court lacks subject matter jurisdiction. Defendants further argue that the CPSA was enacted primarily to regulate the sale, distribution and manufacture of hazardous substances in interstate commerce, and that bottle rockets are not specifically banned under the CPSA.

## DISCUSSION

Pursuant to the Consumer Product Safety Act:

[a]ny person who shall sustain injury by reason of any knowing (including willful) violation of a consumer product safety rule, or any other rule or order issued by the Commission may sue any person who knowingly (including willfully) violated any such rule or order in any district court of the United States in the district in which the defendant resides or is found....

15 U.S.C. § 2072(a). More specifically, the Code of Federal Regulations lists hazardous substances which are banned under the authority of the CPSA. *See* 16 C.F.R. § 1500.17(1990). That list includes "[f]ireworks devices intended to produce audible effects (including but not limited to cherry bombs, M–80 salutes, ... and other large firecrackers, aerial bombs, and other fireworks designed to produce audible effects ...) if the audible effect is produced by a charge of more than 2 grains of pyrotechnic composition." *Id.* § 1500.17(a)(3).

█ Based on the papers before this Court, it is clear that there is no basis for subject matter jurisdiction pursuant to 15 U.S.C. § 2072(a) over the present controversy. Jurisdiction pursuant to 15 U.S.C. § 2072(a) arises when a party violates a consumer product safety rule, or any rule or order, of the Consumer Product Safety Commission. *See Kelsey v. Muskin, Inc.,* 848 F.2d 39, 40 (2d Cir.1988), *cert. denied,* 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 971 (1989) (holding that the statutory language of § 2072(a) is conclusive in that "[a]n injured person may not recover under the [CPSA] unless his injury occurred 'by reason of' a rule violation"). In the case at bar, defendants have not violated any safety rule or order promulgated by the Consumer Product Safety Commission which would trigger § 2072(a) and allow plaintiff to sue in federal court for his injury. Although bottle rockets are considered a hazardous substance under 15 U.S.C. § 1261(f)(1)(A), because of their flammable nature, they are not specifically banned under the federal regulations. *See* 16 C.F.R. § 1500.17(a)(3). Moreover, bottle rockets are not fireworks devices intended and designed to produce audible effects. Rather, they are designed and intended primarily to produce visual effects. In fact, under the Code of Federal Regulations, bottle rockets, by virtue of their omission, are among these "fireworks devices not otherwise banned" by the CPSA. *See* 16 C.F.R. § 1507.1 (1990).

In addition, the CPSA and other federal regulations were enacted to regulate, and in some instances prohibit, the *distribution, manufacture,* and *sale* of certain hazardous substances in interstate commerce. *See Riegel Textile Corp. v. Celanese Corp.,* 649 F.2d 894, 898–99 (2d Cir. 1891) (indicating that the consumer product safety rules were promulgated primarily to halt or restrict the sale or manufacture of consumer products deemed dangerous to the public); *see also* 15 U.S.C. § 1263. Thus, it is apparent that the incidental use of fireworks is not an act that violates any rule or order of the Consumer Product Safety Commission which would support federal jurisdiction under the CPSA. *See* 15 U.S.C. §§ 1263, 2072(a). Consequently, there being no basis for jurisdiction under the CPSA, and since there appears to be no alternative basis for federal jurisdiction, this Court must dismiss the present action. *See* Fed.R.Civ.P. 12(b)(1).

Having found a lack of subject matter jurisdiction, the validity of the stipulation to withdraw the case need not be addressed. However, it is to be noted that although there was a substitution of Fuchsberg & Fuchsberg for Jacoby & Meyers as plaintiffs' counsel, it appears from the papers that plaintiffs were continuously represented by the same individual attorney, John E. Durst, Jr. That being the case, the Court notes its dim view of plaintiff's motion to vacate the stipulation.

## CONCLUSION

For the reasons stated above, this Court finds that there is no basis for subject matter jurisdiction over this controversy under the CPSA, 15 U.S.C. § 2072(a). Accordingly, this action is dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Clerk of the Court is directed to close the file in this case.

SO ORDERED.