**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

____________

No. 21-2138

____________

VICTOR B. PERKINS; WANDA GIVAN; MARY GIVAN; DEXTER GIVAN; CLINTON GIVAN; YUL GIVAN

v.

PROCTOR AND GAMBLE PHARMACEUTICAL COMPANY; ASTRA ZENECA MANUFACTURING COMPANY

Victor B. Perkins,
Appellant

---

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 20-cv-01200)
District Judge: Honorable Richard G. Andrews

---

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on April 26, 2022

Before: KRAUSE, BIBAS, and SCIRICA, Circuit Judges

(Opinion filed: April 27, 2022)

---

OPINION[*]

PER CURIAM

Victor Perkins appeals the dismissal of his complaint. For the following reasons, we will affirm.

Perkins is an involuntarily committed civil detainee at the Federal Medical Center in Rochester, Minnesota. He filed a complaint against Proctor and Gamble and Astra Zeneca, alleging that the "defendant(s)" proton pump inhibitor Prilosec contributed to the death of Wallace Anderson. The complaint also named as plaintiffs Wanda, Mary, Dexter, Clinton, and Yul Givan, who are purportedly Anderson's stepchildren, but it was signed only by Perkins.[1] According to the complaint, the defendants failed to take Prilosec off the market despite being warned of its dangers. The complaint sought relief pursuant to 42 U.S.C. § 1983, 18 U.S.C. § 242, and the Consumer Product Safety Act (CPSA), 15 U.S.C. §§ 2051(a), 2502.

By order entered April 13, 2021, the District Court sua sponte dismissed the complaint as legally frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The District Court determined that the complaint failed to allege sufficient facts to support a claim for relief under any of the statutes named in the complaint. It also concluded

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Yul Givan subsequently filed a motion in which she sought to remove Perkins as a plaintiff. ECF No. 5.

that neither Perkins nor Yul Givan, as non-attorneys, could act on behalf of either the other named plaintiffs or Anderson's estate. See Murray on behalf of Purell v. City of Philadelphia, 901 F.3d 169, 170 (3d Cir 2018).

Although the District Court indicated that amendment of the claims would be futile, it permitted amendment to "assert other viable claims" based on a "legally cognizable theory." ECF No. 7, at 6; *see also* No. 8. The order directed the Clerk to close the case if no amended complaint was filed by May 3, 2021. No further complaint was filed, and, by order entered May 17, 2021, the District Court dismissed the case without prejudice. ECF No. 9. Perkins filed a notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] Our review of the District Court's sua sponte dismissal of the complaint under § 1915(e)(2)(B)(i) & (ii) is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

The District Court properly determined that the complaint failed to state a claim for relief and was therefore subject to dismissal under § 1915(e)(2)(B)(ii).[3] The § 1983 claims failed because the complaint did not implicate state or federal actors, see Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982); Bivens v. Six Unknown Federal Narcotics Agents,

---

[2] Although an order dismissing a complaint without prejudice generally is not appealable under § 1291, we have jurisdiction here because Perkins elected to stand on his complaint. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam).

[3] In light of this conclusion, we need not address the propriety of the District Court's alternative determination that the claims were subject to dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Cf. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (noting that that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact").

403 U.S. 388 (1971), and the Title 18 claim failed because that criminal statute does not provide for a private cause of action, see United States v. Philadelphia, 644 F.2d 187 (3d Cir. 1980). We also agree that the CPSA does not provide for a private right of action for violations of the Act itself, and that the complaint failed to specify a violation of any federal regulation or a consumer product safety rule. See Drake v. Honeywell, Inc., 797 F.2d 603, 606 (8th Cir. 1986); see also Kelsey v. Muskin Inc., 848 F.2d 39, 42 (2d Cir. 1988) (noting that, pursuant to 15 U.S.C. § 2072(a), "[a]n injured person may not recover under the Act unless his injury occurred 'by reason of' a rule violation").

We likewise affirm the District Court's determination that Perkins (and Yul Givan, to the extent that she was a party to the complaint), as a non-attorney proceeding pro se, could only represent himself. 28 U.S.C. § 1654; Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991).[4]

Based on the foregoing, we will affirm the District Court's judgment.[5]

---

[4] The notice of appeal was signed only by Perkins. To the extent he that he attempts to represent anyone other than himself in this Court, we dismiss the appeal. See Lazaridis v. Wehmer, 591 F.3d 666, 672 (3d Cir. 2010) (per curiam).

[5] Appellant's "Motion for a Procedural Order as a Matter of Procedural Default" is denied.