[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION TO STRIKE SPECIAL DEFENSES
FACTUAL BACKGROUND
The plaintiff, Leslie Carothers, Commissioner of Environmental Protection, brings a five count complaint dated July 13, 1989 against two defendants, Geno Capozziello and Russell Capozziello. The complaint alleges that the defendants engaged in various conduct constituting violations of state statutes and regulations, consisting primarily of operating a solid waste facility without a permit.
The defendants filed revised affirmative defenses. The plaintiff filed a motion to strike the first, second, third, fourth, fifth and eighth affirmative defenses.
LAW AND CONCLUSIONS
First Affirmative Defense
The defendants' first affirmative defense asserts that the defendants are not individually liable for the conduct attributed to them in the plaintiff's complaint, because they "did not at any time or place, engage personally in any improper or illegal conduct . . . ." The plaintiff moves to strike this defense on two grounds: (1) that it falls to comply with an earlier request to revise addressed to the defendants' original affirmative defenses, and (2) that the defendants are personally liable for any conduct performed in the name of or on behalf of a corporation.
Failure to comply with a request to revise is not a proper ground for a motion to strike. See Practice Book 152. The purpose of a motion to strike is to test the legal sufficiency of a pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985).
The defendants' first affirmative defense does not allege that they were acting in the name of or on behalf of a corporation as the plaintiff argues. (Plaintiff's Memorandum at p. 1). Instead, it asserts only that they did not personally engage in CT Page 2702 illegal conduct. As such, this defense constitutes a denial of the allegations of the plaintiff's complaint (which alleges only personal or individual conduct on the part of the defendants). Although the defendants could have raised this issue in a general denial of plaintiff's complaint, the defendants' election to plead it as an affirmative defense does not render it legally insufficient although it does shift the burden of proof to the defendants. See Practice Book 164; see also Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234, 237 (1987).
Similarly, the plaintiff's contention, asserted in the subject motion to strike, that the defendants are personally liable, constitutes a denial of the allegations of the defendants' first affirmative defense and, as such, is properly asserted through a reply to the affirmative defenses. See Practice Book 171.
Consequently, the plaintiff's motion to strike the defendants' first affirmative defense is denied.
Second Affirmative Defense
The defendants' second affirmative defense raises the defense of res judicata. The plaintiff moves to strike this defense on the grounds that the other civil action cited by the defendants in their second affirmative defense does not involve the same parties, has not gone to final judgment, and involves the application of statutes different from those involved in the present action. Therefore, the plaintiff argues, res judicata does not apply.
In ruling on a motion to strike, the court is limited to the facts alleged in the underlying pleading. See Liljedahl Bros. v. Grisby, 215 Conn. 345, 348 (1990). "Where the legal grounds for such a motion are dependent upon facts not alleged in the . . . [underlying] pleading, the [movant] must await the evidence which may be adduced at trial, and the motion should be denied." Liljedahl Bros., supra, 348.
Whether the other civil action cited by the defendants in their second affirmative defense forms a valid basis for applying the doctrine of res judicata depends upon facts not alleged in the defense, which facts the plaintiff attempts to set forth in her motion to strike. Attempting to introduce facts in a motion to strike makes it a "speaking motion", which is not proper. Connecticut State Oil v. Carbone, 36 Conn. Sup. 181, 183 (Super. Ct. 1979). For the foregoing reasons, the plaintiff's motion to strike the defendants' second affirmative defense is denied.
Third Affirmative Defense CT Page 2703
The defendants' third affirmative defense raises the defense of collateral estoppel. The plaintiff moves to strike this defense on the grounds that the other civil action cited by the defendants in their third affirmative defense does not involve the same parties, has not gone to final judgment, and involves the application of statutes different from those involved in the present action. For the reasons set forth in the foregoing discussion, the plaintiff's motion to strike the defendants' third affirmative defense is denied.
Fourth Affirmative Defense
In the fourth affirmative defense, the defendants allege: "[t]he court lacks subject matter jurisdiction in this case under the prior pending action doctrine. . ." and cites the other civil action pending in this judicial district. The plaintiff in support of her motion to strike this defense asserts that the other civil action referred to by the defendants does not involve the same parties.
For all the reasons set forth in the foregoing discussion of the second affirmative defense, the plaintiff's motion to strike the fourth affirmative defense is denied.
In general, whenever a question of the court's subject matter jurisdiction is brought to the attention of the court, it must be acted upon, regardless of the form of the motion. Cahill v. Board of Education, 198 Conn. 229, 238 (1985). However, the prior pending action rule does not truly implicate the court's subject matter jurisdiction. Henry F. Raab Connecticut, Inc. v. J. W. Fisher Co., 183 Conn. 108, 111-112 (1981) see also Halpern v. Board of Education 196 Conn. 647 652 n. 4 (1985). Therefore, the court need not address at this time the "jurisdictional" question raised by the defendants' fourth affirmative defense.
Fifth Special Defense
In their fifth affirmative defense, the defendants raise the defense or laches, claiming that the plaintiff should have asserted the claims raised in this action in the other civil action referenced in their other defenses. The plaintiff moves to strike this defense on the ground that laches may not be invoked against the state when the state is functioning in its governmental capacity to enforce a public right.
The defense of laches is not available against the state. See Schaghticoke Tribe of Indians v. Kent School Corp.,423 F. Sup. 780, 786 (D. Conn. 1976), citing Westport v. Kellems Company, CT Page 270415 Conn. Sup. 485, 491 (C. P. 1948). "Laches does not bar the state or a municipality from enforcing governmental rights." Westport, supra, 491, citing Appeal of Phillips, 113 Conn. 40 (1931).
In paragraph one of her complaint, the plaintiff alleges:
 The plaintiff is the Commissioner of Environmental Protection of the State of Connecticut and, as such, is charged with the supervision and enforcement of the statutes of the State of Connecticut respecting the environment. . . and is generally empowered by virtue of Conn. Gen. Stat. 22q-6 (a)(3) to institute all legal proceedings necessary to enforce statutes, regulations or orders administered, adopted or issued by the Commissioner of Environmental Protection.
The plaintiff alleges that the defendants violated various statutes and regulations. The state can act only through its officers and agents. Skinner v. Angliker, 211 Conn. 370, 376-77
(1989).
In the subject action, the state is attempting to enforce governmental rights and, therefore, laches is not an available defense. Therefore, the plaintiff's motion to strike the defendants' fifth affirmative defense is granted.
Eighth Affirmative Defense
In their eighth affirmative defense, the defendants assert that any claims arising under General Statutes 221-226 are barred because the issuance of an administrative order is a predicate to such claims, and no order has been issued by the DEP. The plaintiff moves to strike this defense arguing that an administrative order is not a condition precedent to seeking civil penalties pursuant to General Statutes 22a-226.[1]
Public Act 89-270 1 amended General Statutes 22a-226, effective October 1, 1989. Public Act 89-270 1 removed the requirement that a person must violate a final order of the commissioner of environmental protection before the commissioner may seek penalties or injunctive relief.[2] The plaintiff's complaint contains five counts and twelve prayers for relief, some seeking relief for conduct of the defendants occurring before October 1, 1989, and some for conduct of the defendants occurring on or after October 1, 1989. The defendant's eighth affirmative defense does not specify to which of the counts or prayers for relief it is addressed.
The defendants' eighth affirmative defense is a valid defense to so much of the plaintiff's complaint as seeks civil CT Page 2705 penalties or injunctive relief for conduct occurring prior to October 1, 1989. If any part of the defendants' special defense is viable, the motion to strike must fail. See Doyal v. A. P. Realty, Corp., 36 Conn. Sup. 126, 127 (super. Ct. 1980). If facts provable under the pleadings allegations would support a defense, the motion to strike must fail. Mingachos v. CBS, Inc., supra, 109. Consequently, the plaintiff's motion to strike the defendants' eighth affirmative defense is denied.
CONCLUSION
For the foregoing reasons, the plaintiff's motion to strike is granted as to defendants' fifth affirmative defense and denied as to defendants' first, second, third, fourth and eighth affirmative defenses.
FREED, J.