JAMES F. DOYLE ET AL. *v.* A & P REALTY CORPORATION ET AL.

SUPERIOR COURT      JUDICIAL DISTRICT OF      FILE No. 26049
MIDDLESEX

Memorandum filed January 11, 1980

*Wilson, Asbel & Channin,* for the plaintiffs.

*Jozus & Milardo,* for the defendants.

CONWAY, J.   This is an action by condominium unit owners and their association against the architect and developers of the project and against the

former officers and directors of the association for damages arising from alleged structural deficiencies in the project. The defendants have moved to strike the complaint by the plaintiff intervenor, Country Squire III Association of Cromwell, Inc. (hereinafter referred to as the plaintiff). The complaint includes three counts alleging breach of warranty, breach of fiduciary duty and architectural malpractice. The motion to strike is based on the claim that the plaintiff lacks standing to maintain this action.

The defendants have also moved for leave to amend their answer to add a special defense and setoffs, to which motion the plaintiff objects.

## I

The defendants have premised their assertion that the plaintiff lacks standing on several grounds. Their motion is, however, directed to the entire complaint and must, therefore, fail if any of the plaintiff's claims are legally sufficient. *Water Commissioners* v. *Robbins,* 82 Conn. 623, 633; 1 Stephenson, Conn. Civ. Proc. (2d Ed. 1970) § 116 (e).

The defendants' claims evince a misunderstanding of the scope of review on a motion to strike which admits all well pleaded allegations and all facts provable thereunder. *Tango* v. *New Haven,* 173 Conn. 203, 205. Further, a motion to strike is not tested by new facts alleged by the movant which are extraneous to the pleading attacked. *Blanchard* v. *Nichols,* 135 Conn. 391, 392. Thus, it is of no moment that the plaintiff may not be able to prove its allegations at trial or that the defendants might prove facts which operate to bar the plaintiff's claim. The sole inquiry at this stage of the pleadings is whether the plaintiff's allegations, if proved, would state a basis for standing.

The plaintiff's allegations would clearly admit proof of facts showing: (1) a contractual duty to maintain the project; (2) damages in the form of increased maintenance costs because of alleged construction and design deficiencies; and (3) malfeasance and nonfeasance by promoters, directors and officers of the plaintiff association resulting in damages to the property of that association.

Such allegations show a direct and substantial injury to the plaintiff providing it with a clear personal stake in the outcome of the controversy and establishing its standing to proceed as a real party in interest as to all three counts. See *Belford* v. *New Haven,* 170 Conn. 46. Accordingly, the motion to strike should be denied in view of the sufficiency of the plaintiff's allegations, which state the elements of injury necessary to show standing.

Additional contentions made by both parties merit brief comment. Both parties made extensive reference to the Condominium Act of 1976; General Statutes §§ 47-67—47-90c; but this act is inapposite since it applies only to projects declared after January 1, 1977. See General Statutes § 47-90c.

The defendants, in oral argument, asserted lack of privity as a ground for contending that the plaintiff lacked standing. A distinction must be made between requirements for an injury sufficient to give standing and requirements for allegations of a legal theory sufficient to provide a basis for relief. *Ducharme* v. *Putnam,* 161 Conn. 135, 139. Had the defendants asserted this as grounds for a contention that the plaintiff failed to state a cause of action, the result might differ as to counts one and three. This court need not, however, decide this issue since it was not raised and, even if it had been, a decision on it is unnecessary since the sufficiency

of the second count requires denial of the motion which was addressed to the entire complaint. See *Water Commissioners* v. *Robbins,* 82 Conn. 623.

The motion to strike is therefore denied.

## II

Regarding the defendants' motion to amend their answer, it should be noted that both the Supreme Court and the legislature have prescribed a liberal policy toward the allowance of amendments to pleadings. General Statutes § 52-130; Practice Book, 1978, § 176; *State ex rel. Scala* v. *Airport Commission,* 154 Conn. 168, 178; *Smith* v. *New Haven,* 144 Conn. 126, 132; *Cook* v. *Lawlor,* 139 Conn. 68, 70. The essential test for granting amendments is "whether the ruling of the court will work an injustice . . . [or] unduly delay a trial." *Smith* v. *New Haven,* supra, 132.

In the case at bar the motion to amend was filed on August 20, 1979, more than five months after the pretrial hearing of March 1, 1979. Permitting an amendment filed that long after pretrial would very likely be considered an abuse of discretion. *Wesson* v. *F. M. Heritage Co.,* 174 Conn. 236.

Accordingly, the defendant's motion to amend the answer is denied.