[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Harpers, Inc., filed a three count complaint sounding in negligence and unfair trade practices in violation of General Statutes 42-110a (CUTPA) against the defendant James Farrell, its attorney. Plaintiff contends in essence that defendant Farrell's failure to properly represent plaintiff in certain bankruptcy proceedings caused plaintiff to sustain damages.
As a third party plaintiff, Farrell brought a two count third party action against third party defendants John Graubard and Graubard Graubard thereinafter "Graubard"), a law firm.
Count One of the third party complaint alleges the existence of a contractual relationship between defendant/third party plaintiff Farrell and third party defendant Graubard. In Count Two, Farrell alleges an active/passive theory of negligence in support of his claim for indemnity against third party defendant Graubard.
Third party defendant Graubard moves (#133) this court to strike, Practice Book 142, the third party plaintiff Farrell's complaint in its entirety on the grounds of legal insufficiency. Specifically, Graubard challenges the legal sufficient of the third party complaint CT Page 1253 on the ground that it fails to allege any relationship between the third party plaintiff Farrell and third party defendant Graubard which would require Graubard to indemnify Farrell for a judgment rendered against
 A person who, without personal fault, -has become subject to tort liability for the unauthorized and wrongful conduct of another, is entitled to indemnity from the other for expenditures properly made in the discharge of such liability.
Restatement, Restitution 96.
While referring to this section of the Restatement, our Supreme Court recognized the principle that indemnity may arise by operation of law resulting from negligence in the performance of a contract. Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 409-10, 207 A.2d 732 (1965).
In this case, the pertinent allegations concerning the contractual relationship of the third party litigants are contained in paragraphs 8 through 12 of the third party complaint. In substance, these paragraphs allege that the third party litigants entered an agreement wherein Graubard agreed to provide legal representation to plaintiff Harper's, Inc. concerning its bankruptcy proceedings, that a retainer from Farrell for said services was tendered to and accepted by third party defendant Graubard, and that plaintiff Harper's, Inc.'s sustained damages caused by the third party defendant's breach of the agreement between Graubard and Farrell. In conclusion, Farrell claims that third party defendant Graubard should therefore indemnify' him for any judgment rendered `in' favor of plaintiff Harper's Inc. against him.
Although the third party complaint could have"alleged the nature of the parties' agreement are precisely, the lack of linguistic specificity does not warrant the `striking' of the third party complaint. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 220, 520 A.2d 217 (1987).
Therefore, third party plaintiff Farrell has pleaded, in Count One of the third party complaint, sufficient facts evidencing an indemnity claim that may arise from the contractual relationship, between himself and third party defendant Graubard to withstand the third party defendant's motion to strike. Because Count One sufficiently alleges a claim of indemnity, and third party defendant Graubard moves to strike the entire complaint, the court need not address the sufficiency of the third party plaintiff's second count. Doyle v. A P Realty Corp.,36 Conn. Sup. 126, 127, 414 A.2d 204 (1980).
Accordingly, the third party defendant's motion to strike is denied.
SO ORDERED. CT Page 1254
Dated at Stamford, Connecticut this twenty-second day of August, 1990.
WILLIAM B. LEWIS, JUDGE