[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
Plaintiff contractors J. Kerslake Sons, brings this action against three defendants, Five Twenty-One Corporation, Harry Helmsley, and Leona Helmsley. In the first count of the two count complaint, plaintiff seeks damages for an alleged breach of an oral "landscaping, spraying, and pruning" contract made between the parties. Count two seeks recovery based on a theory of unjust enrichment/quantum meruit for services allegedly performed by the plaintiff in count one.
Defendants move to strike plaintiff's compliant as legally insufficient in that plaintiff's cause of action. Willis within the scope of Conn. Gen. Stat. 20-418 et seq. [Home Improvement Act]
A motion to strike is the proper vehicle with which to test the legal sufficiency of a complaint or any count therein. Conn. Practice Bk. 152. "The court must construe the facts in the complaint most favorably to the plaintiff." Gordon v. Bridgeport Housing Authority, 208 Conn. 151, 179 (1988). "The sole inquiry at this stage [of the pleadings] is whether the plaintiff's allegations, if proved state a cause of action." Levine v. Sigel Hebrew Academy of Greater Hartford, 39 Conn. Sup. 129, 132
(1983). If the motion to strike attacks the entire complaint, it fails "if any of plaintiff's claims are legally sufficient." CT Page 4177 Doyle v. A P Realty Corporation, 36 Conn. Sup. 126, 127 (1980).
Defendants move to strike plaintiff's complaint on the ground that the work for which recovery is sought is within the scope of the Home Improvement Act Conn. Gen. Stat. 20-418 et seq. and is therefore governed by its terms. Defendants argue that because the complaint fails to allege that the contract was in writing or that Kerslake possessed a certificate of registration as required by the Home Improvement Act, the complaint is legally sufficient to plead a cause of action for breach of an oral contract or unjust enrichment/quantum meruit.
Conn. Gen. Stat. 20-418 through 20-430 provide the statutory requirements governing home improvement contracts.
A home improvement contract is "an agreement between a contractor and an owner for the performance of a home improvement." Conn. Gen. Stat. 20-419 (5). The Act construes contractor" as "any person who owns or operates a home improvement business or who undertakes, offers to undertake or agrees to perform any home improvement." Conn. Gen. Stat.20-419 (3).
The Act defines a "Home Improvement" as:
 "[including] but. . .not limited to, the repair, replacement, remodeling, alteration, conversion, modernization, improvement, rehabilitation or sandblasting of, or addition to any land or building. . .which is used. . .as a private residence or dwelling place. . .or improvement of driveways, . . . landscaping, or fences, . . . in connection with such land or building. . .in which the total cash price for all work agreed upon. . .exceeds two hundred dollars.
Conn. Gen. Stat. 20-419 (4) (rev'd to 1989).
In count one, plaintiff alleges that defendants own the property and that they orally contracted with plaintiff "to perform landscaping, spraying, and pruning services on the defendants' property." Additionally, plaintiff has attached Exhibit A to the complaint which is the bill for the services that plaintiff performed. The bill is for a "second spraying, . . .pruning Norway Maples along Round Hill Rd, . . .interest for six months. . .[for a] total [of] $5,264.00." Spraying and pruning is maintenance rather than an improvements as defined in section 20-419 (4) of the Home Improvement Act. Normal maintenance does not fall within the purview of the Act. Consequently, count one is not barred by the Home Improvement Act. CT Page 4178
Defendants also argue that recovery under a theory of quantum meruit as alleged in count two is barred by the Home Improvement Act. Plaintiff's second count alleges that: "The defendants have received the benefits of said landscaping, spraying, and pruning services with a reasonable value of Five Thousand Two Hundred Sixty-Four ($5,264.00) Dollars." As discussed above plaintiff's services were that of maintenance and not one of improvement. Any restrictions stated within the Home Improvement Act are inapplicable to this action. Therefore, plaintiff's second count sounding in quantum meruit is not precluded by the Act. Accordingly, defendants' motion to strike counts one and two of the complaint is denied.
The above analysis is dispositive of defendants' motion to strike the complaint. Therefore, no discussion is necessary regarding defendants' argument that the complaint is legally insufficient due to plaintiff's failure to allege that he possessed a certificate of registration as required by the Home Improvement Act.
CIOFFI, J.