[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (PLEADING #118)
Defendant Holyoke Mutual Insurance Company moves the court to strike the third and fourth counts of the plaintiffs' complaint. It contends the factual allegations contained therein are legally insufficient to support the claim that defendant violated the Connecticut Unfair Trade Practices Act (hereinafter CUTPA), Gen. Stat. 42-110b, and the Connecticut Unfair Insurance Practices Act (hereinafter CUIPA). Gen. Stat. 38-60 and 38-61 (6)(d). Because I have found the defendant's claim to be meritorious, I have granted the Motion to Strike.
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book, 1978, 152. In general, the scope of review on a motion to strike is whether the plaintiffs' allegations, if proven, state a basis upon which relief can be granted. Doyle v. A P Realty Corp.,36 Conn. Sup. 126 (1980). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161. 170 (1988).
The plaintiffs, Elizabeth Fried and E S, allege misconduct by the defendant in the settlement of their insurance claim for fire damage to their property. In the third and fourth counts, they claim that the defendant's conduct violated CUTPA and CUIPA.
The defendant claims, inter alia, that the third and fourth counts are defective because the plaintiffs have not alleged that the defendant's conduct occurred with such frequency as to constitute a general business practice. In Mead v. Burns, 199 Conn. 651 at 666 (1986), the Supreme Court stated that "The definition of unacceptable insurer misconduct in 38-61 reflects the legislative determination that isolated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to warrant statutory intervention. Under CUTPA, as under CUIPA, a litigant is bound by this legislative determination." The Mead decision requires an allegation that the defendant's misconduct in settling the insurance claim constitutes a general business practice. Since the third and fourth counts lack such an allegation, the Motion to Strike must be granted.
The Motion to Strike is granted.
GEORGE N. THIM, JUDGE.