[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Whether defendant's motion to strike the complaint should be granted on the ground that it fails to set forth a cause of action for intentional or negligent infliction of emotional distress or in strict liability. It is respectfully submitted that the superior courts are split on this issue when it is based on bystander recovery. If this court recognizes the cause of action, then the complaint sufficiently pleads it and the motion should be denied. However, if this court does not recognize such a cause of action, then the motion should be granted on the ground that the complaint is legally insufficient.
This is an action by the minor plaintiff Nicole Lawrence for emotional distress which allegedly resulted when the plaintiff observed the defendant shoot her grandfather. In Count Eight complaint the plaintiff alleges that at the time of the shooting she was two years and five months old and visiting her grandfather, Carmen Parisi, when the defendant, allegedly intoxicated, shot Mr. Parisi in the abdomen. The plaintiff was present in the room where the shooting occurred.
The first three counts of the complaint allege intentional, negligent and reckless infliction of emotional distress. Count Four sounds in strict liability. Counts Five through Eight are derivative claims of plaintiff's mother for medical expenses incurred on behalf of the child. The minor plaintiff alleges that as a result of the defendant's conduct she suffered and continues to suffer emotional distress.
Defendant moves to strike the complaint in its entirety for failure to set forth a viable cause of action. Pursuant to Connecticut Practice Book 155 both parties have filed memoranda of law in support of their respective positions.
A motion to strike tests the legal sufficiency of a pleading, Connecticut Practice Book 152, and admits all well-pleaded facts. Ferryman v. Groton, 212 Conn. 138, 142 (1989). If a complaint contains the necessary elements of a cause of action it will survive a motion to strike. D'Ulisse-Cupo v. Board of Directors, 202 Conn. 206, 218-19 (1987). A motion to strike an entire complaint is properly denied if any of the plaintiff's claims are legally sufficient. Doyle v. A P Realty Corp.,36 Conn. Sup. 126, 127 (Super.Ct. 1980). CT Page 1880
The superior courts are split on the issue of whether a cause of action for bystander emotional distress is viable in contexts other than medical malpractice cases, where it is not recognized. See Maloney v. Conroy, 208 Conn. 392 (1988). The Appellate and Supreme Courts have not definitively ruled on the issue before this court.
The elements of a bystander emotional distress claim, as articulated by the California Supreme Court in Thing v. LaChusa, 48 Cal.3d 644,257 Cal.Rptr. 865, 771 P.2d 814, 829-30 (1989), are as follows: (1) the plaintiff must be closely related to the injury victim; (2) the plaintiff must be present at the scene of the injury-producing event at the time it occurs and be aware that it is causing injury to the victim and (3) as a result the plaintiff suffers serious emotional distress, a reaction beyond that which would be anticipated in a disinterested witness and which is not a normal response to the circumstances.
In Strazza v. McKittrick, 146 Conn. 714 (1959), the Supreme Court declined to recognize the cause of action in a case where a mother feared that her child had been harmed when a truck collided with the porch on which the child was thought to be playing. The court held that a person "cannot recover for injuries occasioned by fear of threatened harm or injury to person or property of another." Strazza, 146 Conn. at 719. The rationale underlying the denial of recovery to a bystander is that it would be difficult to place reasonable limitations on the scope of the tortfeasor's liability, and such liability would become unduly burdensome. Amodio v. Cunningham, 182 Conn. 80, 88 (1980) (citing Tobin v. Grossman,24 N.Y.2d 609, 249 N.E.2d 419).
In Amodio v. Cunningham the Connecticut Supreme Court engaged in a lengthy discussion bystander emotional distress, including an analysis of Dillon v. Legg, 68 Cal.2d 728, 441 P.2d 912, the first case to recognize the cause of action. Amodio, 182 Conn. at 87. Dillon was later modified by Thing v. LaChusa, previously cited, wherein the necessary elements of the cause of action were set forth. Although under the facts of Amodio the court did not recognize the claim for bystander emotional distress, the Superior Courts which have allowed the claim generally find that the implication of Amodio is that a plaintiff meeting the criteria of the cause of action as stated in Dillon, as modified by Thing, may have a cause of action. See, e.g., Buynovsky v. Ford Motor Co., 1 Conn. Law Rptr. 542 (Judicial District of Bridgeport, Maiocco, J., 1990).
It is the opinion of the court to recognize a claim for bystander emotional distress and the plaintiff's complaint sufficiently pleads the cause of action. Plaintiff is the granddaughter of the victim and this is "closely related." She was present at the time of the shooting and the allegation that she stood next to the victim "screaming" is sufficient to show that she was "aware" that her grandfather was injured. Finally, she has alleged an injury that can be characterized as serious emotional distress. CT Page 1881
The motion to strike is denied.
John J. P. Ryan, Judge