[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
The plaintiff moves to strike the defendants' second special defense, and their first, second, and third counterclaims, all on the basis that proof of those claims would be barred by the parole evidence rule. However, the basis for a successful motion to strike a particular claim must be that the claim is legally insufficient. The fact that the claim might be difficult or impossible to prove under rules of evidence does not render the claim insufficient as a matter of law. Doyle v. A P Realty Corporation, 36 Conn. Sup. 126
(1980). Therefore, the plaintiff's motion with respect to those claims may not be sustained.
In the fourth counterclaim, the defendants allege that the plaintiff's demand for additional collateral and their subsequent demand for accelerated payment of the full principal constituted fraud. The elements of fraud have been repeatedly set forth by the courts. See Web Press Services Corporation v. New London Motor, Inc., 203 Conn. 342 (1987). In the present case, there is no allegation that the defendants relied to their detriment on the statements claimed to be fraudulent. Accordingly, the fraud claim is insufficient as a matter of law.
In the fifth counterclaim, the defendants allege violations of the Connecticut Unfair Trade Practice Act (CUTPA). The superior court is sharply divided on the issue whether CUTPA applies to banks. This court adopts the view that the statute does apply to banks and adopts the reasoning of the court in Economic Development Associates et al v. Cititrust, No. 052665 (Superior Court, Litchfield J.D.; March 27, 1991; Dranginis, J.).
In summary, for all of the above reasons, the plaintiff's motion with respect to the second special defense, and the first, second, third, and fifth counterclaims is denied; the plaintiff's motion with respect to the fourth counterclaim is granted.
MALONEY, J.