[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE THE REVISED COMPLAINT
This case involves a three-count complaint filed by George J. Jacob, Jr., individually and as Trustee under the will of George J. Jacob, Deceased, Stephanie J. Kwasniewski, individually and as Administratrix of the Estate of Stephanie M. Jacob, and four individual plaintiffs against the corporate defendant Seaboard, Inc. (Seaboard), and six individual defendants. The six CT Page 2044 individual plaintiffs all claim to be either children of, or children of a deceased child of, George J. Jacob and Stephanie M. Jacob, both deceased. The individual defendants are all alleged to be members of the Bussman family.
The first count of the complaint alleges, in summary, that the plaintiffs are the owners of 264 shares of common stock in Seaboard out of 1174 total outstanding shares; that the plaintiffs acquired these shares through transfers from the Estates of George J. Jacob and Stephanie M. Jacob; that the transfers and distributions of all shares by the fiduciaries of both estates were approved by the Probate Court; that on or about November 8, 1989 an agreement was entered into by and between authorized representatives of the plaintiffs as sellers, and Seaboard, as buyer, of the 264 shares of common stock in Seaboard at an agreed price of $14,425.00 per share; that by February, 1991, the plaintiffs had complied with all of their obligations under the agreement; and that despite demand by the plaintiffs, Seaboard has refused to pay the sums agreed upon and has breached the agreement.
The second count, as revised with respect to paragraph two, repeats all of the allegations of the first count and also alleges that the plaintiffs were more than 10% minority stockholders in Seaboard; that since the early 1970's the defendants, as majority stockholders, were engaged in various specifically alleged willful and wanton activities which constitute breaches of the fiduciary duty owed by the defendants as majority stockholders to the plaintiffs as minority stockholders; that as a result of the plaintiffs' complaints to the defendants with respect to the alleged breaches of the fiduciary duty of the defendants, and a threat of a dissolution of Seaboard, the agreement of November 8, 1989 was entered into; and that the refusal of the defendants to comply with the November 8, 1989 agreement is part of the ongoing business practice of the defendants which constitutes a violation of General Statutes 42-110a, et seq., the Connecticut Unfair Trade Practices Act (CUTPA).
The third count repeats all of the allegations of the second count and alleges that the aforesaid actions by the defendants show wanton or willful malicious misconduct designed to injure and damage the plaintiffs.
Reduced to the essentials relevant to the instant motion, the first count alleges a breach of contract, the second count alleges an action under CUTPA although it incorporates all of the breach of contract allegations from the first count, and the third count alleges wanton and willful misconduct although it incorporates all the allegations of the second count. CT Page 2045
Before the court is a motion made on behalf of all defendants to strike the complaint because: (a) The complaint fails to set forth a cause of action upon which relief can be granted; (b) the complaint fails to state a claim upon which relief can be granted; (c) the prayer for relief is insufficient to allow granting the relief which is sought; and (d) all necessary parties have not been included in the complaint and legal process. Attached to the motion to strike was a memorandum of law and two documents, which according to the motion to strike, "were not made exhibits to the complaint but must be considered part thereof: Exhibit A — Last will of George J. Jacob; Exhibit B — Seaboard, Inc.'s stock certificate".
The motion to strike tests the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142 (1989); Connecticut Practice Book 152. It admits all facts well pleaded, as well as those necessarily implied from the allegations. Ferryman, supra, 142; Amodio v. Cunningham, 182 Conn. 80, 83
(1980).
In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. Rowe v. Godou, 209 Conn. 273, 278
(1988). The sole inquiry where a complaint is attacked based on legal insufficiency is whether plaintiff's allegations, if proven, would state a cause of action. Doyle v. A P Realty Corp.,36 Conn. Sup. 126, 127 (1980).
The moving party must set forth separately each claim of insufficiency of the pleading, specify distinctly the reason or reasons for each such insufficiency and attach a memorandum of law which cites the legal authorities upon which the motion relies. See Connecticut Practice Book 154-155 and 204.
The first issue to be resolved is a procedural one raised by the plaintiffs in their objection to the motion to strike. Reasons (a) and (b), given by the defendants in support of their motion to strike, say the same thing. This court sees no distinction between a claim that the compliant fails to set forth a cause of action upon which relief can be granted and a claim that the complaint fails to state a claim upon which relief could be granted. Reason (c) advanced by the motion to strike is that the prayer for relief was insufficient to allow granting the relief sought. None of the first three reasons given in support of the motion to strike comply with 154 of the Practice Book in that none of them sets forth the specific claim of legal insufficiency or the reason or reasons for any alleged insufficiency. The last claim, (d), given in support of the motion is that all necessary parties are not included in the complaint. Section 152 of the Practice Book dealing with a motion to strike based on a nonjoinder of a necessary party, which is CT Page 2046 what the court will assume the defendants are claiming by the words "not included in the complaint and legal process," requires the name and residence or such information as the moving party has as to the identity and residence of the missing party, and the movant also must state the interest of the missing party in the cause of action. The motion includes none of this information relative to the alleged missing party or parties.
Accordingly, the motion to strike is denied on procedural grounds because it fails to comply with the appropriate sections of the Practice Book.
Although not required to do so, in an attempt to hopefully forestall the filing of another motion to strike which would cure the procedural defects set forth above, the court will briefly discuss the substantive claims set forth in the memorandum of law in support of the motion to strike and the reply brief filed by the defendants in response to the plaintiffs' memorandum in opposition to the motion to strike.
The defendants' memorandum of law and reply brief set forth, in support of the motion to strike, that there are various issues, claims, possibilities, arguments, and legal and factual defenses which have some sort of bearing on this lawsuit and why the agreement to sell the stock was never consummated. Among these matters are included the following.
That Stephanie M. Jacob was appointed as Executrix of the Estate of George J. Jacob on January 29, 1969, she died on May 8, 1990 and no Administrator CTA was appointed to succeed her and such an Administrator CTA is a necessary party; the agreement of November 8, 1989 was not signed by Stephanie M. Jacob as Executrix of the Estate of George M. Jacob that the will of George J. Jacob designated George J. Jacob, Jr. and Union Trust Company as Co-Trustees and Union Trust was never appointed; that the agreement does not inure to the benefit of the heirs of the Estates of George J. Jacob and Stephanie M. Jacob, which is the status of the plaintiffs; that George J. Jacob, Jr., as Trustee under the will of George J. Jacob, had no authority to assign assets and the Probate Court could not confer such power on him in derogation of the will; that the Probate Court had no authority to order the distribution of the stock held in the Estate of Stephanie M. Jacob or held by George J. Jacob, Trustee; that the November 8, 1989 agreement does not cover various contingencies; that Stephanie M. Jacob may have resided in Branford at the time of her death on May 8, 1990 and therefore the Probate Court for the District of New Haven may have had no jurisdiction and its orders would have no force and effect; and that the defendants are doing nothing wrong in requiring various documents before consummating the November 8, 1989 agreement. CT Page 2047
The long recitation of factual and legal claims set forth above and any others which have been made in support of the motion to strike may have some bearing on other types of motions, or may be relevant at trial bearing on issues in the case. However, they do not provide a legal basis to strike the complaint.
The nonjoinder claim in the motion to strike is premised on the belief that an Administrator CTA for the Estate of George J. Jacob, which estate was opened on January 29, 1969, should be appointed by the Probate Court and then named as a party, and that the Union Trust Company should be appointed by the Probate Court as a Trustee under the will of George J. Jacob, and then named as a party. This court does not believe that two fiduciaries who do not exist are necessary parties in this case. This is particularly so in a situation where George J. Jacob, Jr., as Trustee under the will of George Jacob, is a party, and all individual plaintiffs are stockholders in Seaboard, at least in part by virtue of a Probate Court decree ordering the distribution of the Seaboard stock from the estate of George J. Jacob upon the application of George J. Jacob, Jr., Trustee. A necessary party is one who has an interest in the controversy, and who ought to be made a party in order for the court to determine the entire controversy and to do justice by adjusting all the rights involved in it. See Sturman v. Socha, 191 Conn. 1 (1983). The claim of nonjoinder of a necessary party is without merit.
The alleged legal deficiency in the count or counts making the CUTPA claim is that one isolated instance of breach of contract as an unfair practice does not give rise to a CUTPA claim and that CUTPA does not apply to trade practices in the purchase and sale of securities. A reading of the complaint demonstrates quite clearly that the plaintiffs have alleged a pattern of activity for over twenty years including many allegedly improper acts, and that only one of these alleged acts is concerned with the purchase and sale of securities.
Accordingly, for the reasons stated above, the motion to strike filed by the defendants is denied.
HADDEN, JUDGE