[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CONSOLIDATED MEMORANDUM OF DECISION RE: MOTIONS TO STRIKE
These consolidated cases arise from a tragic accident that occurred in Waterbury on March 9, 1991. The plaintiffs are Anne Finklestein ("Finklestein") and the Estate of Jacqueline Frank ("Frank"). They allege that, at some point prior to the incident in question, two of the defendants, the City of Waterbury (the "City") and the Waterbury Symphony Orchestra, Inc. (the "WSO"), entered into a contract whereby the Orchestra was permitted to use Kennedy High School to present a series of symphony performances. One such performance was scheduled for the evening of March 9, 1991. On that evening, while Frank and Finklestein were crossing a street from an overflow parking lot to the high school, they were struck by an automobile driven by the defendant, Paul Zdanis. Finklestein was seriously injured. Frank was then struck by a second automobile driven by an additional defendant in her case, Shane Ouellette, and killed. The allegation against the City, the only defendant of importance for present purposes, is that it was negligent in supervising both the traffic and the WSO. The City has now moved to strike the count against it in each complaint on the ground that those counts fail to state a claim upon which relief can be granted.
Two considerations must be stated at the outset. First, it is axiomatic that the facts giving rise to the plaintiffs' claims must be taken from the complaints and construed in the manner most favorable to the pleaders. Emlee Equipment Leasing Corp. v. Waterbury Transmission, Inc., 41 Conn. Sup. 575, 578,595 A.2d 951 (1991). Second, insofar as the motions to strike are directed to the counts against the City in their entirety, those motions must fail if any of the claims in those counts are legally sufficient. Doyle v. A P. Realty Corp., 36 Conn. Sup. 126, CT Page 9533 127, 414 A.2d 204 (1980).
The plaintiffs argue among other things, that the City's contract with the WSO was not made exclusively for municipal purposes, but rather for its own corporate profit. See Carta v. City of Norwalk, 108 Conn. 697, 145 A. 158 (1929). Conn. Gen. Stat. 52-557n(a)(1)(B) specifically provides for liability for "negligence in the performance of functions from which the political subdivision derives special corporate profit or pecuniary benefit." The complaints here are not models of drafting on this point. They allege the existence of a "contract" between the City and the WSO, but do not specifically allege the derivation of profit or pecuniary benefit on the City's part. Obviously some contracts of this description may result in profit for the City, while others may not. This will ultimately be a matter of proof. But, as noted, at this stage the facts must be construed in the manner most favorable to the pleader. "If the facts which are provable under the allegations of the complaint would support the cause of action relied upon, the demurrer must fail." Middletown Trust Co. v. Middletown National Bank,110 Conn. 13, 21, 147 A. 22 (1929). The fact, if it is a fact, of profit or pecuniary benefit could plainly be proved under the allegations of the complaint.
The City's motions to strike are denied.
JON C. BLUE Judge of the Superior Court