[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (NO. 101) OBJECTION TO MOTION TO STRIKE (NO. 103)
In a one-count complaint filed on April 23, 1993, the plaintiff, Dr. Samuel Sheiman, alleges that Ralph Albarelli, an insured of the defendant Connecticut Union Insurance Co., received treatment from the plaintiff for injuries that he sustained in an automobile accident. The plaintiff alleges that the defendant provided no fault insurance coverage to Albarelli, and that Albarelli subsequently assigned to the plaintiff all of his rights to receive medical payments from his no-fault coverage with the defendant. The plaintiff further alleges that he has submitted his bill for treatment provided to Albarelli to the defendant and the defendant has refused to tender payment. The plaintiff seeks to recover $1,840.00 from the defendant for the medical treatments that he provided to Albarelli.
On May 20, 1993 the defendant filed a motion to strike (No. 101) the plaintiff's complaint on the ground that the plaintiff is not an "insured" under General Statutes 38a-363 et seq., "the no-fault statutes"." The defendant argues that the plaintiff's action is a "mere collections case," and as such, does not fall within the no-fault statutes. The defendant also argues that only an insured may sue an insurer pursuant to 38-377. CT Page 7585
In analyzing a motion to strike, the court is limited to the facts alleged in the complaint; Rowe v. Godou, 209 Conn. 273,278, 550 A.2d 1073 (1988); which must be construed in the light most favorable to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 540 A.2d 1185 (1988). If the court finds that the facts alleged in the complaint support a cause of action, the motion to strike must be denied. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432. (1989).
In reading the contested pleading in the light most favorable to the pleader, the plaintiff's complaint contains both a common law cause of action to collect money that is allegedly due and owing for medical treatments rendered to the defendant's insured and a cause of action to collect insurance benefits pursuant to 38a-377. Although 38a-377 may not apply to the instant case and the plaintiff's inclusion of such an allegation may constitute an extraneous pleading, the plaintiff's complaint otherwise states a legally sufficient claim under the common law for the breach of an implied contract.
If a motion to strike attacks an entire pleading, the motion must fail if any part of the pleading is viable. Doyle v. AP Realty Corp., 36 Conn. Sup. 126, 127, 414 A.2d 204 (1980).
Since the plaintiff's complaint states a legally sufficient common law claim, the defendant's motion to strike is denied and the plaintiff's objection to same is sustained.
BALLEN, JUDGE