[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#106)
On October 6, 1993, the plaintiff, Matthew Blondin, commend this action by filing a one count complaint against the defendant, Connecticare Inc. Pursuant to an agreement of the parties, the plaintiff filed a three count amended complaint on January 21, 1994.
Plaintiff Blondin is an optometrist in the City of Torrington. Defendant, Connecticare Inc., is a managed health care company with a panel of health providers. In his amended complaint, the plaintiff alleges that by letter dated January 9, 1990, he applied to the defendant, seeking to gain access to the defendant's panel of providers. The plaintiff alleges further that between 1990 and 1993, several area optometrists were added to the defendant's panel. The plaintiff states that on June 16, 1993 he was informed of the defendant's decision to deny the plaintiff access to the defendant's panel of health providers.
In count I of the amended complaint, the plaintiff alleges that as a result of the defendant's actions, he has suffered irreparable harm and seeks injunctive relief of being placed on the defendant's panel of providers. In counts II and III, the plaintiff states claims pursuant to General Statutes 20-138b(a) and 20-138b(b) respectively.
The defendant has filed a motion to strike the plaintiff's complaint in its entirety on the ground that it fails to set forth a claim upon which relief can be granted. Pursuant to Practice Book both parties have filed memoranda of law in support of their respective positions.
A motion to strike challenges the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). In deciding on a motion to strike, the court muse "construe the complaint in the manner most favorable to sustaining its legal sufficiency." Michaud v. Warwick, 209 Conn. 407, 408, 551 A.2d 738
CT Page 3769 (1988). The court is limited to the facts alleged in the challenged pleading; King v. Board of Education of Watertown, 195 Conn. 90,93, 486 A.2d 1111 (1985); and must admit the truth of all facts well pleaded; Mingachos v. CBS Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). "The sole inquiry at this stage is whether the plaintiffs' allegations, if proved, state a cause of action." Levine v. Bess and Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132, 471 A.2d 679 (1983). If the motion to strike is directed at the entire complaint, it must fail if any of the plaintiff's claims are legally sufficient. Doyle v. A P Realty Corporation, 36 Conn. Sup. 126, 127, 414 A.2d 204 (1980).
In counts I and III of the amended complaint, the plaintiff seeks a mandatory injunction of being placed on the defendant's panel of providers. "The issuance of an injunction is the exercise of an extraordinary power which rests within the sound discretion of the court." Anderson v. Latimer Point Management Corporation,208 Conn. 256, 262, 545 A.2d 525 (1988). "A party seeking injunctive relief has the burden of alleging and proving irreparable harm and a lack of an adequate remedy at law." Hartford v. American Arbitration Association, 174 Conn. 472, 476,391 A.2d 137 (1978). The party seeking an injunction must also establish not only a violation of rights, but such a violation which causes actual or serious damage. Doublewal Corp. v. Toffolon, 195 Conn. 384,392, 488 A.2d 444 (1985).
In count one, the plaintiff merely alleges that the defendant has denied him access to its provider panel. As a result, the plaintiff concludes that he has suffered irreparable harm. The plaintiff, however, has failed to allege the violation of a right which, if proved, would entitle him to injunctive relief. Id. Accordingly, the defendant's motion to strike count one is granted.
In count two of the amended complaint, the plaintiff alleges that the defendant interfered with the plaintiff's patients' free choice in choosing an optometrist in violation of General Statutes20-138b(a). That section of the statute provides: "No person shall interfere with the exercise by any other person of his free choice in the selection of a licensee under either chapter 370 or this chapter for vision training or care." 20-138b(a).
General Statutes 20-138b is a regulatory statute governing the business of health care centers. The legislative history of General Statutes 20-138b(a) clearly indicates that its purpose was CT Page 3770 to ensure that individuals who choose to visit an optometrist for their eye care, as opposed to an ophthalmologist, will be provided coverage under Medicare and other Connecticut health care programs. Public Hearings, Judiciary, March 23, 1967, p. 20-24. There is no indication that the legislature intended to grant a private right of action to an optometrist who claims that he was denied access to a panel of health care providers.
"When the legislature has authorized supplementary private cause of action, it has generally done so expressly. See, e.g. General Statutes 22a-16 (Connecticut Environmental Protection Act) and 42-110g(a) (Connecticut Unfair Trade Practice Act)." Middletown v. Hartford Electric Light Co., 192 Conn. 591, 596,473 A.2d 787 (1984). The legislature could have provided for a private right of action under 20-138b(a), but chose not to. See Id. The plaintiff does not have a cause of action pursuant to General Statutes 20-138b(a), therefore, the defendant's motion to strike count two of the plaintiff's amended complaint is granted.
In count three of his amended complaint, the plaintiff alleges that the defendant has not contracted with optometrists in a manner which will provide fair and sufficient representation to its members by denying appointment of the plaintiff to its panel of providers. The plaintiff alleges that this violates General Statutes 20-138b(b).
That statute, in pertinent part, states:
 If any health care center, as defined in section 33-179a, offers health care benefits which provide ophthalmologic care for any person . . . such health care center shall provide optometric care . . . If the ophthalmologic care provided maybe lawfully rendered by an optometrist, such health care center shall provide the identical eye care coverage and benefits for its members when such care is rendered by an optometrist under contract with such health care center. Such health care center shall (1) contract with ophthalmologists and optometrists in a manner which will provide fair and sufficient representation of such providers in relation to the benefits provided by the health care center plan . . .
General Statutes 20-138b(b).
The legislative history of this section of the statute indicates that its purpose was to ensure that a health care CT Page 3771 provider offer both ophthalmologic and optometric care to its patients who require eye care. Senate Bill 861, Public Hearings, Insurance and Real Estate, February 29, 1989, pp. 257-295. In passing subsection (1), the legislature was addressing the overall composition of the health care center, not the process by which a health care center selects its licensees. Id.
According to General Statutes 20-138b(c), the commissioner of insurance is authorized to adopt regulations to carry out the provisions of subsection (b). There is nothing in the legislative history of this statute to indicate that the legislature intended to grant a right of action to an optometrist, such as the plaintiff, who claims he was denied access to a panel of providers. The plaintiff does not have a cause of action pursuant to General Statutes 20-138b(b), therefore, the defendant's motion to strike count three is granted. Middletown v. Hartford Electric Light Co., supra.
The court sympathizes with the plaintiff and with his prospective patients who have been denied their choice of eye care because of the plaintiff's exclusion from the defendant's panel of health providers the court also recognizes that the plaintiff or his prospective patients may have a valid claim pursuant to Connecticut's Anti-Trust Act, General Statutes 35-24, et seq. Nevertheless, for all of the foregoing reasons, the defendant's motion to strike the plaintiff's complaint in its entirety is granted.[1]
DRANGINIS, J.