[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 7242
On December 15, 1993, the plaintiff, Bank of Boston Connecticut, f/k/a Society for Savings, filed this foreclosure action against the defendants Joseph and Lorretta Calabrese. The action arises out of a debt owed to the plaintiff by the defendants, as evidenced by the execution of three promissory notes and secured by a mortgage deed on two parcels of commercial property owned by the defendants. The plaintiff alleges that no payment has been made under the terms of the note, that a proper demand for payment was made, and that the notes are in default. The plaintiff prays for, inter alia, a judgment of strict foreclosure on the mortgaged property and a deficiency judgment.
On February 2, 1994, the defendants filed an answer denying the essential allegations of the complaint. The defendants also filed four special defenses which allege, respectively, that the plaintiff "has acted in bad faith in inducing the Defendants to agree to a voluntary rent receiver, and thereafter commencing its foreclosure action, notwithstanding sufficient funds being paid to pay the plaintiff's interest" (first special defense); that the plaintiff "has acted in bad faith in requiring unreasonable terms and conditions for the reinstatement upon the mortgage" (second special defense); that "[n]o deficiency exists in this matter" (third special defense); and that payments being made to the plaintiff are being improperly applied (fourth special defense). The fourth special defenses is not a subject of the plaintiff's motion to strike.
On May 10, 1994, the plaintiff filed a motion to strike the defendants' first three special defenses on the ground that the defenses do not constitute legally cognizable defenses to a foreclosure action. The plaintiff also filed a supporting memorandum. The defendants failed to file a timely opposing memorandum.[1]
A motion to strike properly challenges the legal sufficiency of a special defense. Practice Book § 152(5); seeRobarge v. Patriot General Insurance Co., 5 Conn. L. Rptr. 323
CT Page 7243 (December 4, 1991, Walsh, J.). In ruling on a motion to strike, the court must construe all well pleaded facts in the manner most favorable to the nonmovant. Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). A pleading will survive a motion to strike where it contains all the necessary elements of a cause of action or defense. SeeD'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 218-19, 520 A.2d 217 (1987). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book § 164."Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992). In foreclosure actions, special defenses are limited to defenses bearing on the making, validity or enforcement of the note or mortgage. Citytrust v. Kings Gate Developers,2 Conn. L. Rptr. 638
(October 19, 1990, Lewis, J.); see also Connecticut NationalBank v. Olson, 9 Conn. L. Rptr. 483 (August 30, 1993, Pellegrino, J.).
 "However, because foreclosure is equitable, courts have recognized that flexibility is required in certain situations." . . . Equity has permitted allegations of mistake, accident, fraud, equitable estoppel, CUTPA and breach of an implied covenant of good faith and fair dealing to become valid defenses See Bedford Plaza Ltd. Partnership v. Nakhai, 5 CS CR 468 (June 8, 1990, Flynn, J.); Essex Savings Bank v. Firmberger, Superior Court, Judicial District of New London, Docket No. 51 21 91 (May 1, 1991, Leuba, J.).
(Citations omitted.) Citicorp Mortgage, Inc. v. Kerzner,8 Conn. L. Rptr. 229 (January 15, 1993, Curran, J.); see alsoCenter Bank v. Motor Inn Associates, 9 Conn. L. Rptr. 505
(September 13, 1993, Thompson, J.); Connecticut National Bank v.Olson, supra, 9 Conn. L. Rptr. 483.
A. First Special Defense
The defendants' first special defense alleges that the plaintiff induced the defendants to agree to the appointment of a voluntary receiver of rents, and then initiated the foreclosure proceeding, even though sufficient funds were being collected to satisfy the interest accruing on the notes. The defendants allege that this conduct constitutes "bad faith." The plaintiff argues that the terms of the mortgage, which is CT Page 7244 attached to the complaint, allow the plaintiff to concurrently institute a foreclosure action and appoint a receiver for the collection of rents.
Construed most favorably for the nonmovant, the first special defense alleges a violation of good faith and fair dealing arising out of the enforcement of the terms and conditions of the mortgage. In ruling on a motion to strike, "[i]t is of no moment that the [defendant] may not be able to prove its allegations at trial." Doyle v. A P Realty Corp. ,36 Conn. Sup. 126, 127, 414 A.2d 204 (1980). "[A] breach of a duty of good faith and fair dealing based upon common law principles is a valid defense to a foreclosure action. . ." CiticorpMortgage, Inc. v. Kerzner, supra, 8 Conn. L. Rptr. 229. Therefore, the first special defense is within the limit of special defenses allowed in foreclosure actions. See Citytrustv. Kings Gate Developers, supra, 2 Conn. L. Rptr. 638. Accordingly, the motion to strike the first special defense is denied.
B. Second Special Defense
Construed most favorably for the defendants, the second special defense alleges that the plaintiff breached its duty of good faith and fair dealing by requiring unreasonable terms and conditions for the reinstatement of the mortgage. These allegations do not go to the making, validity or enforcement of the mortgage, but to negotiations following the default by the mortgagor. Therefore, the motion to strike the second special defense is granted. See Centerbank v. Motor Inn Associates, supra, 9 Conn. L. Rptr. 505 (striking special defense of breach of duty of good faith and fair dealing arising out of plaintiff's initiation of foreclosure action in the midst of mortgage workout negotiations, because the court held that the defense did not go to making, validity or enforcement of note or mortgage).
C. Third Special Defense
The defendants' third special defense alleges that no deficiency exists in this matter. As noted above, special defenses allowed in foreclosure actions are limited to defenses bearing on the making, validity or enforcement of the note or mortgage. Citytrust v. Kings Gate Developers, supra,2 Conn. L. Rptr. 638 (October 19, 1990, Lewis, J.). "The deficiency CT Page 7245 judgment procedure is generally considered a post-judgment proceeding. See D. Caron, Connecticut Foreclosures (2d ed.) section 9.05 (1989)." New England Savings Bank v. High Ridge,Inc., 5 Conn. L. Rptr. 110, 111 (October 3, 1991, Leuba, J.). "The value of the premises on the date that the title becomes vested in the mortgagee determines whether the mortgagee is entitled to a deficiency judgment." Di Diego v. Zarro, 19 Conn. App. 291,294, 562 A.2d 535 (1989). Therefore, the defendants' third special defense does not raise an issue concerning the making, validity or enforcement of the note and mortgage, but rather the defendants' rights following foreclosure and, therefore, the motion to strike the third special defense is granted.
/s/ Sylvester, J. SYLVESTER, J.