[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for breach of contract. The plaintiff alleges that it performed design consulting services for the defendant William Aniscovich, pursuant to an agreement between the two parties. The plaintiff further alleges that the defendant is a Connecticut resident. Attached to the plaintiff's complaint as an exhibit is a proposal letter sent by the plaintiff to the defendant, outlining the terms of the agreement. The heading of the proposal letter reads William Aniscovich, and directly beneath the defendant's name appears the name WBA Group. The proposal letter is signed by the plaintiff and by the defendant. The defendant's signature does not indicate that he signed in any capacity other than his personal capacity.
The defendant moves to strike the complaint on the ground of legally insufficiency. The defendant argues that the complaint does not contain facts sufficient to impose liability personally on the defendant for the debts of a corporation, namely, that of the corporation WBA Group, Inc. In addition, CT Page 11619 the defendant argues the plaintiff has failed to join a necessary party, the WBA Group.
 "The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.' In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted.) Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
Novametrix Medical Systems. Inc. v. BOC Group. Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). "[A] motion [to strike] may not contain affirmative factual assertions which could only be proved by evidence"; State v. Bashura, 37 Conn. Sup. 745, 748,435 A.2d 1035 (App. Sess., 1981); or factual assertions that "are extraneous to the pleadings attacked." Doyle v. A PRealty Corp. 36 Conn. Sup. 126, 127, 414 A.2d 204 (1980, Conway, J.).
As noted above, the plaintiff's complaint alleges that the plaintiff entered into a contract with the defendant and that the plaintiff performed the services in accordance with the agreement but was not paid. "In pleading an action for breach of contract, [the party] must plead: 1) the existence of a contract or agreement; 2) the [opposing party's] breach of the contract or agreement; and 3) damages resulting from the breach." Chem-Tek, Inc. v. General Motors Corporation,816 F. Sup. 123, 131 (D.Conn. 1993), citing O'Hara v. State,218 Conn. 628, 590 A.2d 948 (1991). Construed most favorably, the complaint properly frames a cause of action for breach of contract. The proposal letter attached to the complaint is signed by the defendant personally. Although the address listed for the defendant in the letter is that of the "WBA Group," the letter contains no reference of a corporation for which the defendant was allegedly acting. Therefore, the defendant's motion to strike contains factual assertions not found in the complaint, i.e the claim that the defendant was acting for a corporation when he entered into the agreement, or that the plaintiff knowingly contracted with a corporation called WBA Group, Inc. Accordingly, the defendant's motion to strike is denied. CT Page 11620
SYLVESTER, J.