[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#118)
On May 9, 1994, the plaintiffs, Julian and Carol Nosenzo, filed a four count amended complaint against the defendants, Ralph A. Pesiri, M.D. and Haik Kavookjian Jr., M.D. The plaintiffs allege malpractice and loss of consortium against Pesiri in counts one and two, and allege malpractice and loss of consortium against Kavookjian in counts three and four.
Kavookjian, on July 26, 1994, file a motion to strike the plaintiffs' amended complaint on the ground that it is barred by the statute of limitations pursuant to General Statutes § 52-584. On August 8, 1994, the plaintiffs filed a memorandum in opposition to Kavookjian's motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to CT Page 8222 state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.)Novametrix Medical Systems v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." S.M.S. Textile v. Brown, Jacobson,Tillinghast, Lahan and King, P.C., 32 Conn. App. 786, 796,631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged.Novametrix Medical Systems v. BOC Group, Inc., supra, 224 Conn. 215. "A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a defense, not raised by a motion to strike . . . . In two limited situations, however, we will allow the use of a motion to strike to raise the defense of the statute of limitations. The first is when `[t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by answer.' . . . The second is where `a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone.'" (Citations omitted.) Forbes v. Ballaro,31 Conn. App. 235, 239-40, 624 A.2d 389 (1993).
Kavookjian argues that he had no continuing duty towards the plaintiff, and that the action is barred by General Statutes § 52-584. The plaintiffs allege that the statute of limitations was tolled by the continuous treatment doctrine.
If a motion to strike is directed at the entire complaint it must "fail if any of the plaintiff's claims are legally sufficient." Doyle v. AP Realty Corp., 36 Conn. Sup. 126, 127
(Super.Ct. 1980). Kavookjian's motion to strike is directed at the entire complaint and not at the just third and fourth counts which are directed at Kavookjian. Therefore Kavookjian's motion to strike is denied since he has not attacked the legal sufficiency of counts one and two. CT Page 8223
General Statutes § 52-584 provides in pertinent part that "[n]o action to recover damages for injury to the person . . . caused by negligence . . . or by malpractice of a physician . . . shall be brought by within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ." The Supreme Court has also recognized that "the statute of limitations, in the proper circumstances, may be tolled under the continuous treatment or the continuing course of conduct doctrine, thereby allowing a plaintiff to commence his or her lawsuit at a later date." Blanchette v. Barrett, 229 Conn. 256,640 A.2d 74 (1994).
"[T]he term malpractice itself may be applied to a single act of a physician or surgeon or, again to a course of treatment. The Statute of Limitations begins to run when the breach of duty occurs. When the injury is complete at the time of the act, the statutory period commences to run at that time. When, however, the injurious consequences arise from a course of treatment the statute does not begin to run until the treatment is terminated. . . . So long as the relationship of physician and patient continues as to the particular injury or malady which [the physician] is employed to cure, and the physician continues to attend and examine the patient in relation thereto, and there is something more to be done by the physician in order to effect a cure, it cannot be said that the treatment has ceased." Id., 274-75. "[To] support a finding of a continuing course of conduct that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after the commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such wrong. . . . Where we have upheld a finding that a duty continued to exist after the cessation of the act or omission relied upon, there has been evidence of either a special relationship or some later wrongful conduct of a defendant related to the prior act." Id., 275.
Kavookjian contends that there cannot be a continuing course of treatment or a continuous course of conduct on the basis of a single office visit. A motion to strike can only be considered on the basis of the facts alleged in the complaint. See NovametrixMedical Systems v. BOC Group., Inc., supra, 224 Conn. 214-15. The plaintiffs allege in count three that Kavookjian undertook the care and treatment of Julian Nosenzo for enlargement of his prostate on CT Page 8224 January 24, 1989; that while under Kavookjian's care and treatment Julian Nosenzo suffered sever, painful and permanent injuries, and that, on October 22, 1991, Julian Nosenzo was diagnosed as having prostate cancer while he was a patient of Kavookjian. Viewing the allegations in the complaint in the light most favorable to the plaintiffs, the statute of limitations began to run on October 22, 1991. The plaintiffs filed their action on December 16, 1993, after filing a petition for an automatic 90 day extension of the statute of limitations pursuant to General Statutes § 52-190a(b). Therefore, under the allegations in the complaint the plaintiff's action is not barred by the statute of limitations under General Statutes § 52-584. A single office visit is not sufficient to support tolling the statute of limitations under either the continuous course of treatment doctrine or the continuing course of conduct doctrine; Boahchette v. Barrett, supra, 229 Conn. 278; however, the plaintiff's allegations imply that the relationship was more extensive, and any evidence showing otherwise would be more appropriately considered on a motion for summary judgment. Accordingly, Kavookjian's motion to strike the plaintiff's complaint is denied on the merit's as well.
DEAN, J.