[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 16, 1996
FACTS
The plaintiff, Trolley Barn Corporation, commenced this action by filing a one-count complaint and application seeking review of the decision of the Board of Tax Review of the Town of Groton upholding the allegedly excessive October 1, 1992, valuations by the defendant, Town of Groton, of two properties owned by the plaintiff known as 17 and 31 Water Street. The defendant filed an answer to the complaint on October 20, 1993, denying that the valuations were excessive.
Subsequently, on March 11, 1994, the plaintiff filed its first amended complaint. This first amended complaint added five new counts to the original complaint. Count two refers to the assessments of October 1, 1993, and claims that the tax assessments were not based on the true values of the properties, but were grossly excessive, disproportionate and unlawful. Counts three through six refer to the valuations of the same two pieces of property for the assessments of October 1, 1991, 1990, 1989, CT Page 1132 and 1988 respectively. Counts three through six all claim that the tax assessments for these years were not based on the true value of the properties, and further claim that the taxes laid upon these properties were computed on an assessment which, under the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of property.
The plaintiff filed a second amended complaint on April 17, 1995. The second amended complaint added a seventh count, which claims that the valuations of the same two properties for the assessments of October 1, 1994, were not true and accurate assessments of their actual values, but were grossly excessive, disproportionate and unlawful.
On September 5, 1995, the defendant filed the present motion to strike the plaintiff's entire complaint for misjoinder of actions. The plaintiff filed an objection to the motion on September 18, 1995. Pursuant to Practice Book § 155, both parties have submitted appropriate memoranda of law and supplemental memoranda in support of their respective positions.
DISCUSSION
"The sole remedy for misjoinder of causes of action is by [motion to strike]." Crowell v. Palmer, 134 Conn. 502, 513,58 A.2d 729 (1948). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion."Merideth v. Police Commission, 182 Conn. 138, 140-41, 438 A.2d 27
(1980). "[A] trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348. 576 A.2d 149 (1990). "[L]egal conclusions or opinions stated in the complaint" are not considered to be part of the facts. S.M.S. Textile v. Brown, Jacobson, Tillinghast,Lahan King, P.C., 32 Conn. App. 786, 796, 631 A.2d 340 (1993). "[The court must construe] the facts alleged in the complaint in a light most favorable to the [nonmoving party]." RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384,650 A.2d 153 (1994). "The sole inquiry [on a motion to strike] is whether the . . . allegations, if proved, would state a [cause of action]." Doyle v. AP Realty, 36 Conn. Sup. 126, 127,414 A.2d 204 (1980). Further, where the "motion is . . . directed to [an] entire complaint . . . [it] must fail if any of the plaintiff's claims are legally sufficient." Id.
CT Page 1133
Practice Book § 113 states that "[i]n all cases, when the court does not otherwise order, the filing of any pleading provided for by [in § 112] will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section." (Emphasis added.) Practice Book § 112 provides in pertinent part:
The order of pleading shall be as follows:
(1) The plaintiff's complaint . . .
(4) The defendant's motion to strike the complaint.
 (5) The defendant's answer (including any special defenses to) the complaint . . .
The defendant filed the present motion to strike on September 5, 1995, nearly two years after the defendant filed its answer to the plaintiff's original complaint. The defendant offers no excuse for this unreasonable delay. Therefore, the defendant has clearly failed to meet the pleading requirements of §§ 112 and 113.
The defendant argues that the words "when the court does not otherwise order" in § 113 grant the court discretion to allow pleading out of order. The defendant's interpretation of § 113 is correct. Sabino v. Ruffolo, 19 Conn. App. 402, 404,562 A.2d 1134 (1989). To allow the defendant at this late time, however, to seek solace from the consequences of its inaction under the protective umbrella of the court's discretionary power would, in this court's mind, be an abuse of that discretion. § 113.
The defendant also argues that pursuant to Practice Book § 177 a party is allowed to replead when the adverse party amends their pleadings. The defendant argues that, since it has not yet filed an answer to the plaintiff's complaint as amended, it has the right to file the present motion to strike. (Defendant's supplemental brief, pp. 7.). However, § 177 also provides that "the adverse party may . . . if he has already pleaded, alter his pleading . . . within ten days after such amendment or such other time as these rules, or the court, may prescribe . . . If the adverse party fails to [re]plead . . . CT Page 1134 pleadings already filed by him shall be regarded as applicable so far as possible to the amended pleading." (Emphasis added.). Again, the defendant's failure to act diligently is its own worst enemy. The last amended complaint was filed by the plaintiff on April 17, 1995, five months before the defendant filed the supplemental brief in which it now raises this argument. Prior to this, the defendant made no attempts to amend its answer as of right or to request the court's permission to do so. Therefore, the defendant's answer of October 20, 1993, so far as allowable, is applicable to the plaintiffs complaint as amended.[1]
§ 177. It follows that the defendant has waived the right to file the present motion to strike. § 113.
The defendant argues that some of the counts of the plaintiff's complaint are brought pursuant to General Statutes § 12-117a, while others are brought pursuant to General Statutes § 12-119, and that case law prohibits the plaintiff from joining such claims in one action. (Defendant's brief, pp. 6-9.) General Statutes § 12-117a[2] gives persons aggrieved by a decision of a local board of tax review the right to appeal to the Superior Court. General Statutes § 12-119, on the other hand, grants property owners seeking relief from the collection of an allegedly unlawful tax the right to bring a direct action in the Superior Court. Contrary to the defendant's argument, however, there is no indication in the case law that where each of the plaintiff's claims under § 117a or § 119 relate to a different assessment year, as in the present case, that the plaintiff is prohibited from joining all claims into one action. E.g., Northeast Datacom, Inc. v. Wallingford,212 Conn. 639, 649, 563 A.2d 688 (1989).
Based on the foregoing, the defendant's motion to strike is denied.