[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANT'S MOTION TO STRIKE THE FIFTHCOUNT OF THE PLAINTIFF'S COMPLAINT
FACTS
The plaintiff, Buddy Cage, commenced this action by filing a complaint against the defendant, Litchfield Mutual Fire Insurance Company, on December 20, 1995. The complaint alleges that on or about February 12, 1992, the plaintiff was injured when he was struck on the head by a bale of hay while CT Page 4082-N on the premises of the Mystic Valley Hunt Club, Inc. (Club) in Gales Ferry, Connecticut, that the bale of hay was thrown by an employee of the Club, and that the plaintiff was lawfully on the premises of the Club at the time of the incident. The plaintiff filed a lawsuit against the Club on or about October 22, 1992. On September 29, 1995, in full settlement of the plaintiff's claims, the Club agreed to a stipulated judgment for $95,000 and assigned the plaintiff all of its rights and claims against its liability insurer, the defendant. The judgment was entered in the Superior Court, judicial district of New London, at New London, Hurley, J. presiding, on the same date. The plaintiff alleges that the defendant, though obligated by virtue of both its contract of insurance with the Club and the stipulated judgment, has refused or failed to satisfy the judgment.
The plaintiff asserts the right to bring a direct action against the defendant pursuant to General Statutes § 38a-321
(count three), and asserts claims based on theories of negligence (count one), breach of contract (count two), bad faith (count four) and violations of the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-815 etseq., and the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 41-110a et seq. (count five).
The defendant filed the present motion to strike count five of the complaint and an accompanying memorandum of law on January 19, 1996. The plaintiff filed an objection with an accompanying legal memorandum on February 16, 1996. The defendant filed a reply to the plaintiff's objection on February 22, 1996.
DISCUSSION
"In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion . . . [Unspecified grounds can] not furnish a basis for [granting the motion]." Merideth v. Police Commission,182 Conn. 138, 140-41, 438 A.2d 27 (1980). "[A] trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990). The "facts" include those "facts necessarily implied and fairly provable under the allegations. . . . [They] do not include, however, the legal CT Page 4082-O conclusions or opinions stated in the complaint." S.M.S.Textile v. Brown Jacobson Tillinghast, Lahan King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340 (1993). "[The court must construe] the facts alleged in the complaint in a light most favorable to the pleader." RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 384, 650 A.2d 153 (1994). "The sole inquiry is whether the . . . allegations, if proved, would state a [cause of action]." Doyle v. A P Realty,36 Conn. Sup. 126, 127, 414 A.2d 204 (1980).
The defendant first argues that the fifth count of the plaintiff's complaint is legally insufficient to state a cause of action under CUIPA, because the plaintiff has failed to allege that the defendant engaged in unfair insurance settlement practices as a "general business practice" as required under General Statutes § 38a-816 (6). In other words, the defendant's argument is that the plaintiff's allegations are legally insufficient to state a cause of action under CUIPA because they relate to the settlement of only a single insurance claim.
In opposition, the plaintiff argues that he has not asserted a CUIPA violation pursuant to General Statutes §38a-816 (6). The plaintiff contends that the fifth count of his complaint asserts violations of CUIPA based on misrepresentation of insurance benefits and failure to pay an accident or health claim within forty-five days pursuant to General Statutes § 38a-816 (1) and (15), respectively, and that neither of these sections specifically requires that the plaintiff allege a "general business practice."
The plaintiff's fifth count refers generally to General Statutes §§ 38a-815, 38a-816, 38a-817, and 38a-818, but does not state the specific section or subsection of CUIPA the defendant is alleged to have violated. Regardless of which party's argument the court accepts, however, the fifth count fails to set forth a legally sufficient claim under CUIPA. E.g., Lees v. Middlesex Ins. Co., 229 Conn. 842, 849,643 A.2d 1242 (1994).
First, if the court accepts the defendant's argument that the claims in the fifth count are brought pursuant to §38a-816 (6), the plaintiff has failed to properly allege, and the factual allegations do not support a claim, that the defendant engaged in deceptive insurance settlement practices CT Page 4082-P as a "general business practice." Lees v. Middlesex Ins. Co.,
supra, 229 Conn. 849. The complaint contains no allegations of wrongdoing by the defendant in the settlement of any insurance claim other than the plaintiff's. Alleged unfair or conduct. The rest of the complaint is completely devoid of even a single factual allegation to support a claim that the defendant engaged in any act of misrepresentation. S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan King, P.C.,
supra, 32 Conn. App. 796. Such a legal conclusion, absent factual support, is legally insufficient to state a valid cause of action. Id.
The factual allegations contained in the fifth count are also factually insufficient to support a claim for failure to pay "health and accident benefits" under CUIPA pursuant to General Statutes § 38a-816 (15). Kliminsky v. NationwideMutual Fire Ins. Co., Superior Court, judicial district of Tolland, at Rockville, Docket No. 44659 (Dunn., J., May 8, 1991, 6 CSCR 531). The plaintiff's complaint does not anywhere allege that the defendant failed to pay "accident and heath claims." Id. What the complaint does allege is that the policy issued by the defendant provided "liability
coverage", that the defendant failed to pay benefits pursuant to "general liability insurance coverage", and that the policy was issued "in case a liability claim was brought against the [Club]." (Emphasis added.) (Plaintiff's Complaint, Count 5, ¶¶ 10, 11 and 12, by incorporation). Therefore, the factual allegations of the fifth count are legally insufficient to support a claim under General Statutes § 38a-816 (15) for failure to pay "accident and health claims." Kliminsky v.Nationwide Mutual Fire Ins. Co., supra.
Finally, the fifth count of the complaint also sets forth cause of action under CUTPA, which is based on the defendant's alleged CUIPA violations. Since the plaintiff's CUIPA claims have been found legally insufficient, the CUTPA claim no longer has any foundation upon which to rest. Lees v.Middlesex Ins. Co., supra, 229 Conn. 850-51. It follows that the fifth count of the plaintiff's complaint, as a whole, is legally insufficient. Id.; see also Kliminsky v. NationwideMutual Fire Ins. Co., supra.
CONCLUSION
Based on the foregoing, the defendant's motion to strike CT Page 4082-Q the fifth count of the plaintiff's complaint is granted.
Austin, J.